Frank DISTASIO, Plaintiff–Appellant,

v.

Donna E. SHALALA, Secretary of Health & Human Services, Defendant–Appellee.

No. 93–35508.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 10, 1995.

Decided Feb. 2, 1995.

Drew L. Johnson, Johnson Cram & Associates, Eugene, OR, for plaintiff-appellant.

Richard H. Wetmore, Asst. Regional Counsel, Dept. of Health & Human Services, Seattle, WA, for defendant-appellee.

Before: PREGERSON and TROTT, Circuit Judges, and FITZGERALD,* Senior District Judge.

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

TROTT, Circuit Judge:

## I

Frank Distasio appeals a denial of disability benefits for the period after February 1990. Distasio claims that the Administrative Law Judge's decision that he could perform light work and therefore was not disabled after that date was without foundation and was not based on substantial evidence. The government claims the denial was based on substantial evidence. We reverse and remand for an award of disability benefits.

## II

Frank (or Francis) Distasio was born on June 27, 1939, and has completed at least 12 years of education. He joined the military in 1956 and was either active or in the reserves until 1962 or 1964. He worked off and on as a chef and baker from 1958 to 1988, and volunteered as a desk clerk in a homeless shelter for 3 months in 1989. He has not been gainfully employed since 1988, and is homeless.

Distasio claims he was treated for alcoholism in 1973 and in 1977, but that he has been sober since 1989. From 1984 to 1985, he says he was treated for grief and depression. He also reported multiple suicide attempts. Distasio further claims that violent, tragic deaths befell many members of his family over a short period of time. Because of this loss, Distasio's mental status declined in the late 1980's into a major depression, for which he was treated on an inpatient and outpatient basis in Texas.

In July, 1990, Distasio was admitted to a Veteran's Administration Domiciliary in Oregon, to which he had been referred from an outpatient mental health clinic in Texas. On the way to Oregon, he was injured in a Greyhound bus accident. He underwent surgery for his neck injuries in the fall of 1991. At the time of the 1992 administrative hearing concerning his application for disability benefits, Distasio was still awaiting back surgery, and further treatment for osteoarthritis in his hip joints was contemplated. Distasio was also on medication for headaches, pain and high blood pressure, but he was no longer taking medication for depression. Distasio suffers from non-insulin dependent diabetes.

On November 2, 1990, Frank Distasio filed an application for disability insurance benefits. He alleged he became disabled on February 15, 1989. His application was denied initially, and reconsidered. After a hearing before an ALJ on March 26, 1992, Distasio's application was denied again. The ALJ determined that Distasio was disabled from February, 1989 to February, 1990, but not thereafter, because although he could not return to his previous occupation, there were numerous other jobs he could perform. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied Distasio's request for review. On May 10, 1993, the district court entered an Order affirming the Secretary's decision. On May 20, 1993, the district court entered a Judgment dismissing Distasio's action. Distasio appeals the district court's decision.

## III

The Secretary had the burden of coming forward with proof that, despite Distasio's impairments, he could nevertheless perform "other work" considering his residual functional capacity, age, education, and work experience. The ALJ found that Distasio was capable of light work, but with limitations. The vocational expert testified that Distasio could only perform what she believed were sedentary jobs. The Secretary accepted the testimony of the vocational expert without qualification.

The evidence in the record establishes that Distasio was closely approaching advanced age, had a high school education, had no transferable skills, and was apparently—according to the vocational expert's testimony accepted by the ALJ—limited to sedentary work. The rule which most closely resembled Distasio's capabilities was 20 C.F.R., Pt. 404, Subpt. P, App. 2, Rule 201.14. Proper use by the ALJ of the grids as a guideline and framework for decisionmaking should have resulted in a finding that Distasio is "disabled." *Cooper v. Sullivan,* 880 F.2d 1152, 1157 (9th Cir.1989) (holding that once the testimony of a vocational expert estab-

lishes the level of work a claimant is able to perform, the ALJ is bound by the favorable results dictated by the grids).

The testimony of the vocational expert belied the ALJ's finding that the combination of Distasio's exertional and non-exertional limitations did not limit him to sedentary work. The vocational expert's testimony established that, at best, Distasio could perform jobs that fall within the sedentary category. The Secretary has thus produced no evidence that Distasio is capable of any job other than sedentary work.

■ We are aware that the Dictionary of Occupational Titles classifies work as either "light" or "sedentary," as between the two categories, and does not refine the categories further. But vocational experts can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT. The Secretary did not refine her categorization of jobs Distasio could perform through the testimony of her vocational expert to something along the lines of "light-minus" or "sedentary-plus." Because the Secretary failed to produce evidence that any job categorized as light work was available to Distasio, but only produced evidence of sedentary work available to him, the use of grid rule 202.14 as a framework for decisionmaking was not based on substantial evidence.

■ It is within the discretion of this Court whether to remand the case for additional evidence or simply to award benefits. *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir.1989). There are no outstanding issues to be resolved in this case to preclude us from making a disability determination on the merits. The Secretary failed to account for the discrepancy between a finding that Distasio could perform light work and was therefore not disabled, with the vocational expert's testimony establishing that, at best, Distasio could perform jobs that fell within the sedentary category. Accordingly, we reverse and remand for an award of benefits.

REVERSED AND REMANDED.