UNITED STATES COURT OF APPEALS

Filed 8/23/96

FOR THE TENTH CIRCUIT

---

WILLIAM E. PASCHALL,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Secretary of
Health and Human Services,*

      Defendant-Appellee.

No. 95-7171
(D.C. No. CV-94-584-B)
(E.D. Okla. )

---

ORDER AND JUDGMENT**

---

Before TACHA, ALDISERT,*** and BALDOCK, Circuit Judges.****

---

\*      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\**     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\***    Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

\****   After examining the briefs and appellate record, this panel has determined

(continued...)

Plaintiff appeals the district court's affirmance of the Secretary's decision denying plaintiff's applications for disability insurance benefits and supplemental security income. After two hearings and a de novo review of the record, the administrative law judge (ALJ) determined that plaintiff retained the residual functional capacity (RFC) to perform light work, limited to jobs with routine repetitive tasks. Because plaintiff's past relevant work was performed at a higher exertional level, the ALJ concluded at step four of the sequential analysis, see 20 C.F.R. §§ 404.1520, 416.920, that plaintiff could not return to his past work. Using the Medical-Vocational Guidelines (grids) as a framework, and relying on testimony from a vocational expert (VE), the ALJ concluded at step five, however, that plaintiff could perform a significant number of other jobs in the national economy and, therefore, was not disabled. When the Appeals Council subsequently denied review of the ALJ's decision, that decision became the final decision of the Secretary.

---

****(...continued)
unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

We review the Secretary's decision to determine whether she applied the correct legal standards and whether her decision is supported by substantial evidence. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Although "we must meticulously examine the record to determine whether the evidence in support of the Secretary's decision is substantial," id. (quotation and citation omitted), we may not reweigh the evidence or substitute our judgment for that of the Secretary, Broadbent v. Harris, 698 F.2d 407, 414 (10th Cir. 1983).

On appeal, plaintiff contends that neither the ALJ's determination that plaintiff retains the RFC to perform light jobs with repetitive tasks, nor his determination that plaintiff can perform a significant number of jobs in the national economy, is supported by substantial evidence. Based upon our careful review of the record, we conclude that substantial evidence supports the ALJ's RFC determination. We further conclude, however, that the ALJ's finding at step five that plaintiff can perform a significant number of jobs in the economy is not supported by substantial evidence.

At step five of the sequential analysis, the Secretary bears the burden of establishing that, given the claimant's RFC, age, education, and work experience, a significant number of jobs exist in the national economy that the claimant can perform. Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir. 1993). Both when he applied for benefits and when the ALJ issued his decision, plaintiff was a

person closely approaching advanced age. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(g)(age 50-54). Plaintiff had a high school education and, according to the VE, he had no transferrable skills. Given plaintiff's age, education, and work experience, the grids would dictate a finding of disabled if plaintiff were limited to sedentary work, id. at Table 1, Rule 201.14, but not if he could perform a full range of light work, id. at Table 2, Rule 202.13. See also id. at §§ 201.00(g), 202.00(b).

Due to plaintiff's depression and resulting deficiencies in concentration, the ALJ found that plaintiff's ability to perform light work was limited to jobs involving routine repetitive tasks. Because plaintiff could not perform a full range of light work, the Secretary could not rely on the grids conclusively to sustain her burden at step five. Ragland, 992 F.2d at 1058. Instead, the Secretary had to "produc[e] expert vocational testimony or other similar evidence to establish the existence of significant work within [plaintiff's] capabilities." Id.

The ALJ did elicit testimony from a VE but, unfortunately, asked the VE only whether there were sedentary jobs with repetitive tasks that plaintiff could perform. The ALJ did not inquire about light jobs. Therefore, all the jobs that the VE identified, and upon which the ALJ subsequently relied, were sedentary. Because plaintiff's ability to perform sedentary jobs is "immaterial given his age, education, and work experience," DeFrancesco v. Bowen, 867 F.2d 1040, 1045

(7th Cir. 1989), the VE's testimony about available sedentary jobs does not support a finding that plaintiff is not disabled. See Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir. 1995)(concluding that "[b]ecause the Secretary failed to produce evidence that any job categorized as light work was available to [the claimant], but only produced evidence of sedentary work available to him," substantial evidence did not support the Secretary's finding that the claimant, who was closely approaching advanced age and capable of performing only a limited range of light work, was not disabled).

Absent evidence of the existence of a significant number of light jobs that plaintiff can perform despite his impairments, substantial evidence does not support the ALJ's determination at step five that plaintiff is not disabled. Therefore, we must reverse the denial of benefits and remand for further proceedings. On remand, the Secretary should elicit vocational testimony or other similar evidence about the existence of light jobs that plaintiff can perform.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the matter is REMANDED with directions to remand the action to the Secretary for further proceedings.

Entered for the Court


Bobby R. Baldock
Circuit Judge