122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bruce YOUNG, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security
Adminsitration, Defendant-Appellee.
 No. 96-35054.
 United States Court of Appeals, Ninth Circuit.
 Aug. 26, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, No. CV 94-1103 Jo; Robert E. Jones, District Judge, Presiding.
 
 
 2
 Before: FLETCHER and TASHIMA, Circuit Judges, and SCHWARZER, District Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 Bruce Young appeals the district court's order affirming the decision of the Commissioner of Social Security Administration (Commissioner) to deny Young's application for disability insurance and Supplemental Security Income (SSI) benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 5
 We review de novo the district court's order affirming the Commissioner's denial of benefits. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). We overturn the denial only if it is not supported by substantial evidence or is based on legal error. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir.1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. The decision of the Administrative Law Judge (ALJ) must be upheld even where the evidence is susceptible to more than one rational interpretation. Id. at 1039-40.
 
 
 6
 I. ALJ's Authority to Address Issue of Past Relevant Work
 
 
 7
 Young argues that the ALJ was precluded from addressing the issue of his ability to return to his past work because this issue had been determined in his favor by the Commissioner and the ALJ did not notify Young that the issue would be considered at the hearing. Young's argument must fail because he received two documents that provided notice. A letter dated July 20, 1993, stated that the ALJ may change parts of the previous decision that were favorable to him. The Notice of Hearing, dated November 26, 1993, Explicitly stated that his ability to return to his past work would be considered at the hearing.
 
 
 8
 Although this language may be boilerplate, it expressly provides notice that his past work would be an issue at the hearing. Further, Young failed to notify the ALJ of any objections to the issues, as required by 20 C.F.R. § 404.939. The two documents and Young's failure to object provide an adequate basis for the ALJ to address the issue of Young's past relevant work.
 
 
 9
 II. Young's Past Relevant Work as a Security Guard
 
 
 10
 Relying on Social Security Ruling (SSR) 82-61, Young contends that the ALJ erred in finding that he is able to return to his past work as a security guard. SSR 82-61 sets forth three tests to determine whether a claimant retains the capacity to perform his or her past relevant work. The job requirements are examined (1) based on a broad generic classification of the job, (2) as the claimant actually performed it, or (3) as the job is ordinarily required by employers throughout the national economy. The ALJ's findings that (1) prior to the expiration of his disability insured status, December 31, 1991, Young had the ability to do his past week as he actually performed it, and (2) as of November 16, 1992, the filing date of his SSI application, Young was able to perform the work as generally required in the national economy, are supported by substantial evidence.
 
 
 11
 Medical evidence prior to December 31, 1991, reveals that Young had the ability to perform light work, the classification into which his past security work falls.[1] The ALJ's finding that, after that date, Young was able to perform sedentary security work was based on the ALJ's conclusion that the differences between the job as performed at the light and sedentary levels are not significant enough to evaluate it as other work.
 
 
 12
 Young argues that the ALJ improperly relied on the first test in SSR 82-61, a generic classification of the job, which is "likely to be fallacious and unsupportable." However, the ALJ explicitly relied on the third, not the first, test, which examines the duties of the job "as ordinarily required by employers throughout the national economy."
 
 
 13
 Contrary to Young's assertions, the ALJ is not required to rely solely on the Dictionary of Occupational Titles (DOT) in determining how a job is usually performed. SSR 82-61 recommends the use of a vocational expert when other material is insufficient, but it does not prohibit the ALJ from relying on a vocational expert if the DOT description is sufficient. Furthermore, caselaw supports the use of a vocational expert, even if it contradicts the DOT. See, e.g., Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.1995) (stating that an ALJ may rely on expert testimony that contradicts the DOT if there is evidence to support the deviation); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995) (stating that it was irrelevant that jobs listed by the vocational expert as sedentary were classified as light in the DOT); Listasio v. Shalala, 47 F.3d 348, 350 (9th Cir.1995) ("vocational experts can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT."). Although Young attempts to distinguish these cases as applicable only to the fifth step in the evaluative process, this distinction is not found in the caselaw.
 
 
 14
 The ALJ's finding that Young could do his past relevant work, relying on the vocational expert's testimony, thus is supported by substantial evidence and not based on legal error.
 
 III. Young's Ability to Do Other Work
 
 15
 Young challenges the ALJ's alternative finding that he is able to perform other work, step five in the evaluation process. The ALJ followed the guidelines in 20 C.F.R. Pt. 404, Subpt. P, App. 2, and properly applied Rule 201.15:(1) Young is limited to sedentary work; (2) he is in the category of "approaching advanced age"; (3) he has a high school equivalency diploma; and (4) he has previous semiskilled work experience with transferable skills. These factors lead to a determination of not disabled.
 
 
 16
 Contrary to Young's assertions, 20 C.F.R. §§ 404.1572 and 416.972 clearly state that work activity is gainful if it is done for pay or profit, whether or not a profit is realized. Young's work as the owner/operator of an employment agency therefore qualifies as gainful work activity even if it was not profitable.
 
 
 17
 As required by SSR 82-41, in finding that Young had skills transferable to other work, the ALJ clearly identified the specific occupations Young could perform and their numbers in the national economy. While the ALJ did not identify the specific skills Young had acquired, it is logical that his past work as a security guard or small business manager would transfer to similar work. Further, the Commissioner may carry her burden of showing that Young can do other work by relying on the testimony of a vocational expert in response to a hypothetical. Andrews, 53 F.3d at 1043. The ALJ thus was justified in relying on the vocational expert's testimony that Young had transferable skills. The ALJ's reliance on Young's management work and the determination that Young is able to perform other work thus are supported by substantial evidence.
 
 IV. Rejection of Examining Doctor's Opinion
 
 18
 The opinion of an examining doctor, if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir.1995). The ALJ rejected the conclusion of the examining psychologist, Dr. Wagener, in favor of that of Dr. Warner, a psychologist who testified at the hearing on the basis of the medical record, observations of Young during the hearing, and Young's testimony.
 
 
 19
 Among the evidence cited by the ALJ in support of his decision was Young's testimony that his use of alcohol had not affected his work in the past and in fact had increased due to his unemployment. This contradicted Dr. Wagener's conclusion that Young's drinking would impair his ability to work. Further, Dr. Wagener's mental status examination and psychological report on Young indicated that Young's cognitive, social, and adaptive skills were generally normal. Finally, Dr. Warner found no evidence that Young would be unable to control his drinking if necessary for employment.[2]
 
 
 20
 While the evidence is open to more than one interpretation, the ALJ articulated specific reasons for his decision and supported them by the record and thus should be upheld.
 
 V. Vocational Hypothetical
 
 21
 Finally, Young argues that the ALJ's vocational hypothetical was deficient. The hypothetical posed to the vocational expert must set out all the limitations and restrictions of the claimant. Andrews, 53 F.3d at 1043. The ALJ is free to reject the restrictions propounded by the claimant as long as the hypothetical is supported by substantial evidence. Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir.1989).
 
 
 22
 Young names four limitations that the ALJ should have included in the hypothetical: (1) Young can stand for only ten minutes at a time; (2) he could walk only two blocks; (3) he is unable to lift a gallon of milk without great pain; (4) he is unable to work because of his pain. While the ALJ did not use these specific limitations, he incorporated them (except the last) by the restrictions he included.
 
 
 23
 First, the ALJ stated that Young should have a job that would allow him to sit or stand after twenty to thirty minutes of either activity; the difference between twenty minutes and the ten minutes proposed by Young is not significant. Also, the last medical report that addressed this issue, dated January 20, 1993, stated that standing was limited to twenty minutes at a time.
 
 
 24
 Regarding the second and third limitations, the ALJ stated that Young was limited to light work or less and should not have a job that entailed frequent walking. The jobs listed by the ALJ that Young could perform were sedentary.
 
 
 25
 Finally, the fourth limitation is too conclusory to be included in the hypothetical. The Commissioner is "not required to believe a claimant's complaints of pain." Green v. Heckler, 803 F.2d 528, 531 (9th Cir.1986). While the ALJ did not make specific findings justifying his decision to omit this limitation from the hypothetical, its inclusion would have defeated the purpose of the hearing. Furthermore, the ALJ noted throughout his decision specific details about Young's activity level that support his decision and also observed that, for the year prior to filing his application, Young was not under regular medical treatment and left the country for a substantial period of time. The hypothetical thus was supported by substantial evidence.
 
 
 26
 AFFIRMED.
 
 
 
 **
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Young's medical records before December 31, 1991, reveal a shoulder injury and knee pain with no pathology
 
 
 [2]
 Although the ALJ did not discuss this, Dr. Warner specializes in alcohol abuse, whereas there is no indication in the record of Dr. Wagener's expertise. This court noted in Andrews, 53 F.3d at 1042, that 20 C.F.R. § 416.927(d)(5) allows more weight to be given to the opinion of a specialist about medical issues than that of a non-specialist in evaluating disability for SSI benefits