**Teresa LUNA, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administra-**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

**tion,\* Defendant—Appellee.**

No. 01–57079.

D.C. No. CV–00–10707–MLG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2003.

Decided Feb. 21, 2003.

Before D.W. NELSON, WARDLAW
and FISHER, Circuit Judges.

MEMORANDUM\*\*

Teresa Luna appeals the district court's affirmance of the Social Security Commissioner's decision denying her application for Social Security Disability Insurance Benefits and Supplemental Security Income payments.

We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo the district court's affirmance of the Commissioner's denial of benefits. *Tackett v. Apfel,* 180 F.3d 1094, 1097 (9th Cir.1999). We reverse and remand for the payment of benefits.

The vocational expert testified that Luna's physical limitations prohibited her from performing all occupations except bakery worker conveyor line and surveillance system monitor. The Dictionary of Occupational Titles classifies the bakery worker position as light work and the surveillance system monitor as sedentary work. The DOT's classifications constitute rebuttable presumptions that were rebutted in this case by the testimony of the vocational expert. The vocational expert's substantive testimony revealed the bakery worker occupation exhibits none of the criteria for light work. Rote reliance on the Dictionary of Occupational Titles, even by the vocational expert herself, is inappropriate where the vocational expert's practical experience with the job market reveals a contrary classification. *See Johnson v. Shalala,* 60 F.3d 1428, 1435–36 (9th Cir. 1995). Because the Commissioner failed to produce evidence that Luna could perform any job categorized as light work, the use of grid rule 202.11 as a framework is not supported by substantial evidence. *Distasio v. Shalala,* 47 F.3d 348, 349–50 (9th Cir.1995).

There are no unresolved issues in the record and it is clear that the ALJ would be required to award benefits if the substance of the vocational expert's testimony was credited and the appropriate grid rule was used as a framework. Therefore, remand for further proceedings is unnecessary. *Reddick v. Chater,* 157 F.3d 715, 728–30 (9th Cir.1998). We reverse the judgment of the district court and remand to the district court with instructions to remand to the ALJ for an award of benefits.

**REVERSED AND REMANDED.**

---

\* Jo Anne B. Barnhart is substituted for her predecessor, Kenneth S. Apfel, as Commissioner of Social Security Administration. *See* Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.