Byron LEE, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,
Defendant–Appellee.

No. 01–35718.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2003.

Decided April 4, 2003.

Before: KLEINFELD and MCKEOWN, Circuit Judges, and

BREYER, District Judge.*

MEMORANDUM **

Appellant Byron Lee ("Lee") appeals the district court's grant of summary judgment for the Commissioner of Social Security. Lee contends the Administrative Law Judge ("ALJ") improperly applied Social Security Rule 83–12 and erroneously relied upon the testimony of the vocational expert ("VE").

We review the district court's grant of summary judgment de novo. *See Moore v. Apfel,* 216 F.3d 864, 867 (9th Cir.2000). The ALJ's decision must be affirmed if it is supported by substantial evidence and the ALJ applied the correct legal standards. *Id.* Substantial evidence is more than a scintilla, but less than a preponderance. *See Jamerson v. Chater,* 112 F.3d 1064, 1066 (9th Cir.1997). "Where evidence is susceptible of more than one rational interpretation, it is the ALJ's conclusion which must be upheld." *Gallant v. Heckler,* 753 F.2d 1450, 1453 (9th Cir. 1984).

Lee first argues that based on his impairments the "occupational base" for light work was so eroded that he should have been classified as limited to sedentary work. *See* SSR 83–12 ("[I]f the exertional capacity is significantly reduced in terms of the regulatory definition, it could indicate little more than the occupational base for the lower rule and could justify a finding of 'Disabled.' ").

█ Lee's argument misapprehends the nature of SSR 83–12. The Rule does not require the ALJ to determine if the remaining occupational base is more closely associated with the full range of light work

or the full range of sedentary work, and then apply the Medical–Vocational Guideline applicable to the appropriate level. The Rule merely gives guidance. It provides that if the occupational base is significantly reduced, "it could indicate little more than the occupational base for the lower rule and *could justify* a finding of 'Disabled.' " SSR 83–12 (emphasis added). SSR 83–12 does not mandate a finding of disabled. *See Moore,* 216 F.3d at 871 (concluding that "SSR 83–12 does not mandate a finding of 'disabled' " but "[i]nstead, it mandates the use of a VE, which was exactly the process used in this instance.").

Lee also misinterprets what is meant by "significantly reduces the occupational base." SSR 83–12 itself explains:

When an individual's exertional RFC does not coincide with the definition of any one of the ranges of work as defined in sections 404.1567 and 416.967 of the regulations, the occupational base is affected and may or may not represent a *significant number of jobs* in terms of rules directing a conclusion as to disability.

Appellant's Addendum 12 (emphasis added). This explanation clarifies that the proper inquiry is the number of jobs—rather than the number of occupations—the claimant can perform. The ALJ makes this determination with the assistance of a vocational expert, which is what the ALJ did here. *See Moore,* 216 F.3d at 871.

Lee next argues that the ALJ improperly relied on the VE's testimony because she improperly based her testimony upon the Occupational Information Network

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

("O*NET") job classifications, rather than the *Dictionary of Occupational Titles* ("DOT") classifications.

■ SSR 00–4p does not preclude reliance on the O*NET; it merely provides that where there is a conflict between the DOT and another source, and the ALJ relies on the other source, the ALJ must explain his reasons for doing so. The ALJ did so here. Lee's reliance on the June 30, 1999 letter from Kenneth Nibali, Associate Commissioner for Disability, is equally unpersuasive. The letter "was not published in either the Federal Register or the Code of Federal Regulations, indicating that the [letter] was not promulgated in accordance with the procedural requirements imposed by Congress for the creation of binding regulations and was not intended to be binding." *Moore*, 216 F.3d at 868–69.

Lee also argues that the ALJ should not have relied on the VE's testimony because the VE improperly classified the ticket seller and cashier II positions as "light." Lee argues that although the DOT classifies the ticket seller and cashier II positions as light occupations in the DOT, those positions which can accommodate Lee's restrictions are actually sedentary.

■ A VE "can testify whether particular applicants for disability benefits would be able to perform subcategories of jobs within the DOT." *Distasio v. Shalala*, 47 F.3d 348, 350 (9th Cir.1995). In *Distasio*, the VE testified that the subcategory of jobs the claimant could perform fell within the sedentary category. *Id.* We held that substantial evidence did not support the ALJ's decision to use the light work Guideline as a framework since the record only contained evidence of sedentary work available to the claimant. *Id.*

This case is distinguishable from *Distasio*. Although here the VE similarly identified subcategories of light jobs (ticket seller and cashier II positions which can accommodate Lee's limitations), the identified subcategories of jobs do not fall within the sedentary category because the limitations exceed the requirements for sedentary work. In *Distasio*, in contrast, the VE identified jobs which were in fact sedentary.

AFFIRMED.