MEMORANDUM ***
Felicidad Mann appeals the district court’s decision upholding the denial of her claim for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Mann does not contest the factual findings underlying the determination by the Administrative Law Judge (“ALJ”) that her residual functional capacity falls between the sedentary and light levels of exertion. The ALJ was therefore not bound by the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the “grid rules”), but was obligated to use them as a “ceiling” or a “framework for consideration of how much the individual’s work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.” Cooper v. Sullivan, 880 F.2d 1152, 1155, 1156 (9th Cir.1989) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e)(2)). The ALJ referenced two grid rules as the framework for his analysis of the time period at issue before us: grid rule 201.10, under which a claimant in Mann’s position and limited to sedentary work is disabled; and grid rule 202.11, under which a claimant in Mann’s position and limited to light work is not disabled.
In finding Mann “not disabled” under this framework, the ALJ relied on testimony by a vocational expert that assumed the existence of a high chair at a workbench. The testimony of the vocational expert did *160 not necessarily make an improper assumption that a high chair could be provided to accommodate a particular claimant, however. See generally Cleveland v. Policy Management Systems Corp., 526 U.S. 795, 803, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) (discussing how social security adjudication excludes consideration of “reasonable accommodations”). Instead, it would be rational to interpret the expert’s testimony here as merely recognizing general conditions in some workplaces. See Batson v. Commissioner, 359 F.3d 1190, 1198 (9th Cir.2004) (“When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ’s conclusion.”). The Commissioner has thus produced substantial evidence that Mann is capable of specific jobs that are categorized as light work and that exist in substantial numbers in the economy. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.1995). Accordingly, we must uphold the agency’s decision as proper in its reliance on grid rule 202.11 as a framework for decisionmaking. Distasio v. Shalala, 47 F.3d 348, 350 (9th Cir.1995).
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.