NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0783n.06

No. 09-6370

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Dec 22, 2010**

LEONARD GREEN, Clerk

ESCHOL B. ANDERSON,            )
                              )
    Plaintiff-Appellant,       )
                              )
v.                            )      On Appeal from the United States
                              )      District Court for the Middle
COMMISSIONER OF SOCIAL SECURITY,   )   District of Tennessee
                              )
    Defendant-Appellee.        )

Before: BOGGS, COLE, and CLAY, Circuit Judges.

BOGGS, Circuit Judge. Eschol Anderson filed for supplemental security income and disability insurance benefits. The district court held that substantial evidence supported the Commissioner's denial of Anderson's claims, and we affirm.

I

In his application for benefits, Anderson alleged a disability onset date of April 3, 2002, at which time he was "closely approaching advanced age." *See* 20 C.F.R. § 404.1563. The Commissioner initially denied Anderson's claim and then denied it again upon reconsideration. An Administrative Law Judge ("ALJ") also denied the claim after a hearing, and that decision became the final decision of the Commissioner when the Appeals Council denied Anderson's request for review.

The ALJ performed the required five-step sequential evaluation process for determining whether Anderson was disabled. *See* 20 C.F.R. § 404.1520(a). In step one, the ALJ determined that

Anderson had not engaged in "substantial gainful activity" since the alleged onset date. As a result, the ALJ proceeded to step two. *See* 20 C.F.R. § 404.1520(a)(4) ("If we cannot find that you are disabled or not disabled at a step, we go on to the next step."). In step two, the ALJ determined that Anderson suffers from severe medical impairments. Because the nature of these impairments is not at issue in Anderson's appeal, no further details are necessary. In step three, the ALJ determined that Anderson did not have a listed impairment. Pursuant to the regulations, the existence of such an impairment would have mandated the conclusion that Anderson was disabled. 20 C.F.R. § 404.1520(a)(4)(iii). Before proceeding to step four, the ALJ determined Anderson's residual functional capacity ("RFC"). *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity.") The ALJ determined that Anderson has the RFC to perform a limited range of light work. In step four, the ALJ determined that Anderson could not perform any of his past relevant work, which was unskilled, medium-level work. Accordingly, the ALJ proceeded to the fifth and final step to determine whether Anderson could perform other available work.

In step five, the ALJ noted that Anderson's RFC was for a limited range of light work. Had Anderson been able to perform all light work, the regulations would have mandated a finding of "not disabled." But because Anderson had additional physical limitations, i.e., difficulties standing for long periods of time, the ALJ considered the testimony of a vocational expert ("VE") to determine the availability of jobs that Anderson could perform with his limitations. The VE testified that Anderson could perform the following sit/stand positions in Tennessee: cashier (10,000 positions in Tennessee); counter clerk (500); inspector (5,000); order clerk (4,400); and information clerk

(1,200). The VE testified that her classification of these jobs as light work was consistent with the Dictionary of Occupational Titles ("DOT"). After considering the VE's testimony, as well as the other factors included in a step-five analysis, the ALJ concluded that Anderson was "not disabled."

On May 13, 2008, Anderson filed a complaint in district court challenging the ALJ's determination. Notably, Anderson did not challenge his RFC or any of the ALJ's findings in steps one through four of the sequential evaluation process. *See Anderson v. Comm'r*, No. 3:08-0495, 2009 WL 3261536, at *4 (M.D. Tenn. Oct. 8, 2009). Rather, Anderson claimed only that the VE's testimony did not support the ALJ's decision. *Ibid.* Anderson made two arguments to support this claim. First, Anderson argued that the job descriptions offered by the VE were indicative of sedentary work, not light work, and that as a result, the ALJ should have found that Anderson could perform only sedentary work. *Id.* at *5–6. Second, Anderson argued that the VE's testimony was not consistent with the DOT and, in order to resolve the conflict, the ALJ was required to accept the VE's description. *Id.* at *7. Had the ALJ done so, Anderson argues, a decision that he was "disabled" would have been mandated by the regulations. *Ibid.*

The district court rejected both of these arguments. The court held that the VE explicitly testified to the existence of light work that Anderson could perform and that the ALJ was permitted to rely on that testimony. *Id.* at *5–7. Second, the court held the VE testified that the jobs were light work and, as a result, there was no conflict that the ALJ was required to resolve. *Id.* at *7. The district court therefore held, first, that the ALJ applied the appropriate legal standards in concluding that Anderson was not disabled and, second, that the ALJ's decision was supported by substantial evidence in the record. *Id.* at *8.

No. 09-6370
Anderson v. Comm'r of Soc. Sec.

Anderson appeals this decision and raises the same arguments as in district court. This court has jurisdiction under 28 U.S.C. § 1291 to review the final judgment of the district court.

II

This court reviews a district court's decision in social security cases de novo. *Valley v. Comm'r*, 427 F.3d 388, 390 (6th Cir. 2005) (citing *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). However, the underlying ALJ decision is reviewed only for substantial evidence and compliance with relevant legal standards. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990); 42 U.S.C. § 405(g). "A decision is supported by substantial evidence where a reasonable mind could find that the evidence is adequate to support the conclusion reached . . . even if the court might have arrived at a different conclusion." *Valley*, 427 F.3d at 391 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

The Social Security Act specifies that a claimant is disabled if he has "physical or mental impairments [that] are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Extensive regulations, beginning with the five-step sequential evaluation process, determine whether a particular claimant meets the Act's definition of "disabled." *See* 20 C.F.R. §§ 404, 404.1520. The claimant has the burden through the first four steps of either establishing a finding of "disabled" or precluding a finding of "not disabled." *Moon v. Sullivan,* 923 F.2d at 1181. If the analysis proceeds to step five, however, then the Commissioner has the burden at that step to show that, considering the required factors, alternative jobs are available to the claimant. *Ibid.*

- 4 -

A grid that accounts for an individual's RFC and various other vocational factors, such as age and educational background, is included in the regulations to provide guidance at step five. *See* 20 C.F.R. pt. 404, subpt. P, app. 2. Where common patterns of these factors are present, the grid guidelines reflect the Commissioner's categorical determination of eligibility for benefits, thereby simplifying decisionmaking in common scenarios. "Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." *Id*. at § 200.00(a). For example, if Anderson could perform *all* light work jobs, then accounting for his limited education, ability to speak English, and no relevant work experience, the grid would dictate a finding of "not disabled." *See id*. at § 202.10. On the other hand, if Anderson could perform *only* sedentary work, then the grid would dictate a finding of "disabled." *See id*. at § 201.09.

The regulations define sedentary work as "involving lifting no more than 10 pounds at a time" and "walking and standing are required [only] occasionally." SSR 83-10. Light work, on the other hand, is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and that "a good deal of walking or standing" is required. *Ibid*.

Where a claimant's RFC is in between two exertional levels, such as the case here where the ALJ found that Anderson could perform a limited range of light work, the grid guidelines, which reflect only common—and not all—patterns of vocational factors, are not binding and are instead used only as an analytical framework. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d). In such a

situation, a VE is brought in to testify as to whether a significant number of jobs exist in the national economy that a hypothetical individual with the claimant's limitations can perform. *See* SSR 83-12. As long as the VE's testimony is in response to an accurate hypothetical, the ALJ may rely on the VE's testimony to find that the claimant is able to perform a significant number of jobs. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). This court has held that fewer than 1000 regional jobs can be a significant number for purposes of determining whether a claimant is disabled. *Martin v. Comm'r*, 170 F. App'x 369, 375 (6th Cir. 2006) ("870 jobs can constitute a significant number in the geographic region."); *Stewart v. Sullivan*, 904 F.2d 708 (table), at *3 (6th Cir. 1990) (125 jobs in claimant's local geographic area is a significant number).

III

Anderson's claim relies on a two-step argument. In step one, Anderson argues that the VE identified only sedentary jobs, not light work jobs, that he could perform. In step two, Anderson argues that because the VE identified only sedentary jobs, the ALJ lacked substantial evidence to conclude that Anderson was capable of performing light work. Because we hold that Anderson's argument fails in step two as a matter of law, we need not address his characterization of the VE's testimony. Rather, we only note—and Anderson does not dispute—that the VE identified a sufficient number of jobs that Anderson is capable of performing. And we will assume, without deciding, that those jobs, as Anderson argues, were sedentary jobs. Anderson's legal argument—which we reject—is that because *those* jobs are sedentary, the ALJ could not conclude that Anderson is not disabled.

Anderson points to two out-of-circuit cases for the proposition that, if the VE identifies only sedentary jobs, then the ALJ can not find that the claimant is capable of performing light work. Appellant's Br. at 30, *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995), *and Paschall v. Chater*, 94 F.3d 656 (table), 1996 WL 477575 (10th Cir. Aug. 23, 1996). Notwithstanding these two nonprecedential cases, Anderson's argument is premised on a misunderstanding of the regulations.

Here, the ALJ found that Anderson has the RFC to perform light work with certain modifications. Anderson does not dispute this RFC. Rather, he supposes that if the VE testified as to the existence of jobs that Anderson could perform that a person with a sedentary RFC could also perform, then that testimony would change Anderson's RFC to sedentary and, pursuant to the grid guidelines, dictate a finding of "disabled."[1] *Compare* 20 C.F.R. pt. 404, subpt. P, app. 2, at § 202.10 *with id*. at § 201.09 (whether a claimant with certain characteristics in disabled hinges on whether the claimant has an RFC for light work or for sedentary work).

That is not how the system operates. The RFC is based on the claimant's particular disabilities, an inquiry wholly independent from what jobs are available in the regional and national economy. *See* 20 C.F.R. § 404.1545(a) (listing factors that determine an RFC). The VE does not testify as to what the claimant is physically capable of doing, but rather as to what jobs are available, given the claimant's physical capabilities. Thus, in a step-five analysis, the VE's testimony depends upon the RFC and not the other way around. *Walters v. Comm'r*, 127 F.3d 525, 529 (6th Cir. 1997)

---

[1]Anderson does not explicitly claim that the VE's testimony should change his RFC, but rather than it should dictate the application of a "sedentary" grid rule. Because the grid rules are based on the RFC and not the characteristics of the available jobs, his argument would only succeed if the VE's testimony could determine the RFC.

No. 09-6370
Anderson v. Comm'r of Soc. Sec.

("Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that *accommodates his residual functional capacity* and vocational factors (age, education, skills, etc.), he is not disabled.") (emphasis supplied).

Significantly, every court to have considered the precise argument that Anderson makes here has rejected its underlying understanding of the law. *See, e.g., Ayala v. Astrue*, 2010 WL 2757492 (C.D. Cal. July 16, 2010); *Lee v. Barnhart*, 63 F. App'x 291 (9th Cir. 2003); *Johnson v. Barnhart*, 2005 WL 3271953 (W.D. Wisc. Nov. 29, 2005). The court in *Johnson* summarized and rejected the argument as follows:

> [P]laintiff points to the VE's testimony that the identified desk and counter clerk jobs also could be performed by an individual who was limited to sedentary work with a sit-stand option. From this testimony, plaintiff reasons that this means that she can perform only sedentary work. Plaintiff's reasoning is unsound. The VE was not opining as to plaintiff's limitations, she was stating the unremarkable proposition that the jobs she had identified were so limited in their exertional requirements that they could be performed by workers limited to less than light work. A person who has a residual capacity for light work generally also can perform sedentary work. It is a non sequitur to argue that because plaintiff suffered conditions that limited her job base essentially to sedentary jobs, the ALJ erred in concluding that plaintiff was able to perform a limited range of light work.

2005 WL 3271953, at * 14. We agree with this reasoning and hold that, as a matter of law, Anderson's claim must fail.

IV

For the foregoing reasons, we AFFIRM the decision of the district court.