[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-11491

Non-Argument Calendar

————————————————

CAROL PORTWOOD-BRAUN,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cv-02151-CPT

————————————————

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

Carol Portwood-Braun appeals the district court's order affirming the Social Security Commissioner's denial of Portwood-Braun's application for disability insurance benefits ("DIB"), 42 U.S.C. § 405(g).  No reversible error has been shown; we affirm.

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied.  *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.*  "We will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it."  *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).  Under this limited standard of review, we must not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ").  *See id.*  We review *de novo* the district court's

determination about whether substantial evidence supports the ALJ's decision. *See id.*

A person who applies for Social Security DIB benefits must first prove that she is disabled. *See* 20 C.F.R. § 404.1512(a). The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, other jobs exist in the national economy the claimant can perform. *Id.* "If the claimant cannot make the adjustment to other work, the ALJ will determine that the claimant is disabled." *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c.

Applying the five-step evaluation process, the ALJ first determined that Portwood-Braun had engaged in no substantial

gainful activity since the alleged onset date. The ALJ then determined that Portwood-Braun suffered from the following severe impairments: scoliosis, disc bulging, left lateral disc osteophyte complex, radiculopathy, lumbar strain, disc herniation, and sciatica. At step three, the ALJ concluded that Portwood-Braun had no impairment or combination of impairments that met or medically equaled a listed impairment.

The ALJ next determined that Portwood-Braun had the RFC to perform light work with specified limitations.[1]    Given

---

[1] The ALJ concluded that Portwood-Braun had the capacity to perform light work with these exceptions:

> [T]he claimant can lift and/or carry 10 pounds occasionally, 5 pounds frequently; stand and/or walk for 4 hours in an 8 hour day; sit for 6 hours in an 8 hour day. The claimant requires a sit/stand option with an alternating interval of 1-2 hours. The claimant can occasionally push and/or pull with the upper extremities, climb ramps and stairs, balance, stoop, and reach[] above shoulder level with both arms. The claimant can frequently reach waist to chest with both arms, handle with both hands, finger with both hands, and feel with both hands. The claimant cannot climb ladders and scaffolds, kneel, crouch, or crawl. The claimant must avoid working around high, exposed places. The claimant can occasionally work around extreme cold; extreme heat; wetness and humidity; vibration; pulmonary irritants; and moving mechanical parts.

Portwood-Braun's RFC, the ALJ concluded that she would be unable to perform her past work as a physical therapist or as a director of rehabilitation.  Considering Portwood-Braun's age, education, work experience, and RFC -- together with the testimony of a vocational expert ("VE") -- the ALJ determined that Portwood-Braun could perform other work in the national economy.  Accordingly, the ALJ concluded that Portwood-Braun was "not disabled."

Portwood-Braun administratively appealed the ALJ's decision to the Appeals Council.  The Appeals Council denied Portwood-Braun's request for review.  The ALJ's decision thus became the final decision of the Commissioner.  The district court affirmed.

On appeal, Portwood-Braun focuses only on step five in the sequential evaluation process: whether she can perform other work in the national economy.

At step five, whether the claimant can adjust to other work in the national economy is to be determined in one of two ways: by applying the Medical Vocational Guidelines ("grids") or by relying on a VE. *See Phillips*, 357 F.3d at 1239-40. The "grids" establish a matrix for identifying whether jobs requiring certain

qualifications exist in significant numbers in the national economy. *See Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983). When a claimant's qualifications correspond to the specified job requirements, the "grids" direct a finding about whether the claimant is considered disabled. *Id.* at 462. But when a "claimant is unable to perform a full range of work at a given [RFC] or when a claimant has non-exertional impairments that significantly limit basic work skills," the ALJ must consult a VE and may not rely exclusively on the "grids." *See Phillips*, 357 F.3d at 1242-43.

Portwood-Braun argues that the ALJ erred by failing to direct the VE to exclude from the available job numbers those jobs that are performed at a sedentary level of exertion. Portwood-Braun contends that -- within each category of jobs labeled as "light" in the Dictionary of Occupational Titles ("DOT") -- some jobs may exist that are, in reality, performed only at a sedentary level of exertion. According to Portwood-Braun, if the VE's job numbers in this case included only positions actually performed at a sedentary level, the "grids" mandate a finding that she is disabled. We disagree.

First, Portwood-Braun's assertion that the "grids" mandated a finding of disabled is without merit. Because Portwood-Braun is unable to perform a full range of light work, the "grids" alone cannot dictate whether Portwood-Braun was disabled. *See Phillips*, 357 F.3d at 1242-43. The ALJ was, instead, required to rely on the VE's testimony in determining whether Portwood-Braun could perform work in the national economy. *See id.*

Moreover, nothing evidences that the available jobs identified by the VE included only sedentary jobs. The ALJ's hypothetical directed the VE to assume that the hypothetical individual had the RFC to perform light work with Portwood-Braun's limitations. In response to the ALJ's hypothetical, the VE identified three jobs that a person with Portman-Braun's qualifications and limitations could perform: each of those jobs is classified by the DOT as "light" work. *See* DOT 739.687-026 (filter assembler), 727.687-054 (final inspector), 205.367-054 (survey worker). Portman-Braun offers no legal authority to support her speculative assertion that the VE's job numbers might still include positions that are in fact sedentary despite being classified by the DOT as "light" work. And -- even if the VE's job numbers did include some jobs that may be performed

at a sedentary level -- Portwood-Braun offers no legal authority demonstrating how that information would alter the ALJ's disability determination.

On appeal, Portman-Braun relies chiefly on the Ninth Circuit's decision in *Distasio v. Shalala*, 47 F.3d 348 (9th Cir. 1995). *Distasio*, however, presents circumstances materially different from those involved in this case. In *Distasio*, the VE testified that a person with the claimant's abilities could perform only sedentary jobs in the national economy: testimony that contradicted the ALJ's determination that the claimant could perform light work. 47 F.3d at 349-50. The Ninth Circuit thus determined that the Commissioner's decision was unsupported by substantial evidence. *Id*. at 350. Here -- unlike in *Distasio* -- the ALJ's disability determination was supported by the VE's testimony identifying positions classified by the DOT as "light" work that a person with Portwood-Braun's limitations could perform.

Substantial evidence supports the Commissioner's denial of DIB; we affirm.

22-11491                Opinion of the Court                9

AFFIRMED.[2]

_____

[2] On appeal, Portwood-Braun says that -- because she turned 55 years old during the pendency of this appeal -- the grids now direct a finding of "disabled." Portman-Braun's current age, however, is not pertinent to our decision about whether the ALJ's disability determination was supported by substantial evidence in the record that was then-before the agency. *See Wilson v. Apfel*, 179 F.3d 1276, 1278-79 (11th Cir. 1999) ("We review the decision of the ALJ as to whether the claimant was entitled to benefits during a specific period of time, which period was necessarily prior to the date of the ALJ's decision.").