Vanessa **EDWARDS**, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendant–Appellee.

No. 03–4020.

United States Court of Appeals, Sixth Circuit.

May 3, 2004.

Brent L. English, Law Office of Brent L. English, Cleveland, OH, for Plaintiff–Appellant.

Shea Bond, Social Security Administration, Office of the General Counsel, Chicago, IL, Kathleen L. Midian, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Defendant–Appellee.

Before: SUHRHEINRICH, BATCHELDER, and COLE, Circuit Judges.

## ORDER

Vanessa Edwards, who is represented by counsel, appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Edwards filed an application for social security disability insurance benefits on November 4, 1999. Edwards was born on May 26, 1964, and has a high school education through special education classes. She previously worked as a building custodian and cashier. Edwards was allegedly disabled due to a learning disability and pregnancy. The evidence also shows that Edwards suffers from a personality disor-

der, borderline intellectual functioning, a frozen left shoulder, and fibromyalgia.

After a hearing, an administrative law judge (ALJ) found that Edwards could perform a substantial number of jobs in the economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Edwards then filed a civil action seeking judicial review of the Commissioner's decision. The parties consented to have the case heard by a magistrate judge. The magistrate judge affirmed the denial of benefits and granted judgment to the Commissioner.

The court's review is limited to determining whether there is substantial evidence to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

■ Edwards contends that the Commissioner's decision is erroneous for three reasons: 1) the ALJ erred in his residual functional capacity assessment; 2) the ALJ did not give proper weight to Dr. Mota; and 3) the ALJ's analysis of Edwards's pain and credibility was deficient. The ALJ found that Edwards could perform light work. Although Edwards contends that the residual functional capacity assessment is the duty of her physicians, this assertion is wrong as that determination is expressly reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(2), 404.1546. Such a determination is a part of the disability evaluation. 20 C.F.R. § 404.1546. Medical evidence shows Edwards to have a normal alignment and joint spacing in the neck except for mild narrowing at C5–6. She has no herniated discs or significant narrowing in the cervi-

cal spine. She had normal neurological findings, including coordination, gait, station, and motor strength. Edwards had no muscle atrophy. The record establishes that Edwards could lift up to twenty pounds. This lifting ability is consistent with the definition of light work. *See* 20 C.F.R. § 404.1567(b).

In addition to the objective medical evidence, no medical doctor limited Edwards's ability to stand, walk, or sit. Dr. Rist concluded that Edwards did not have an orthopaedic condition which precluded work related activity. Although various physicians noted that Edwards had limited use and range of motion in her neck and left arm, her subjective complaints and symptoms were not based on objective findings. The ALJ accommodated Edwards's neck and arm limitations in her ability to work. As the medical reports indicate that Edwards was capable of performing light work with restrictions, the Commissioner's residual functional capacity assessment is supported by substantial evidence.

■ In challenging the ALJ's evaluation, Edwards argues that the district court misconstrued *Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815 (6th Cir.1988), when it evaluated medical evidence pertaining to her fibromyalgia. The ALJ found that Edwards's fibromyalgia was a severe impairment and accommodated for the limitation resulting from the impairment. Therefore, any misconstruction of *Preston* which the district court may have conducted does not negate the fact that the ALJ properly evaluated Edwards's fibromyalgia and accommodated the condition in his residual functional capacity assessment.

■ Edwards further argues that the district court improperly minimized Dr. Casanova's and Dr. Chelimski's diagnosis

of fibromyalgia. Although Edwards was diagnosed with the condition, Dr. Carlson opined that Edwards could lift twenty pounds, which is consistent with the definition of light work. While Dr. Carlson provided other opinions regarding Edwards's ability to lift, the ALJ credited Dr. Carlson's opinion that Edwards could lift twenty pounds as that function was consistent with physical therapy notes.

Edwards contends that the ALJ should have afforded more weight to her chiropractor's opinion. However, the ALJ discounted the opinion because the chiropractor had treated Edwards for approximately one month. As the chiropractor had treated Edwards for such a short period of time, the regulations provide that an ALJ may afford such an opinion little weight. 20 C.F.R. § 404.1527(d)(2)(i). Further, the chiropractor's opinion was inconsistent with the other medical evidence in the record and was completely contrary to the opinions of other physicians who felt that Edwards had no sitting or standing limitations and could lift up to twenty pounds.

Edwards also argues that the testimony of Dr. Ross did not establish that she could perform the physical demands of light work. The ALJ asked Dr. Ross, a psychiatrist, to testify only to Edwards's mental limitations. Dr. Ross did not testify as to Edwards's physical limitations. The ALJ did not state that he relied on Dr. Ross's testimony in formulating his residual functional capacity assessment. Thus, Edwards's attempt to use Dr. Ross's testimony to discredit the ALJ's residual functional capacity determination is misplaced.

■ Edwards contends that the ALJ should have given controlling weight to Dr. Mota's opinion that she was unable to work. The opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, *see Crouch v. Sec'y of Health & Human Servs.*, 909 F.2d 852, 857 (6th Cir.1990), and is not contradicted by substantial evidence to the contrary. *See Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987). The Commissioner may reject the opinion of a treating physician where good reason is found in the record to do so. *See Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). As Dr. Mota's opinion was not supported by objective medical evidence in the record and was contradicted by the opinions of other physicians, the ALJ did not commit reversible error by rejecting Dr. Mota's opinion that Edwards was disabled.

■ Finally, Edwards challenges the ALJ's credibility determination regarding her pain. Credibility determinations rest with the ALJ. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). The ALJ concluded that Edwards's allegations were not reasonable as they were inconsistent with the objective medical evidence in the record. As the medical evidence does not support Edwards's allegations of disabling pain and inability to work, the ALJ did not commit reversible error in rejecting Edwards's testimony.

Accordingly, we affirm the district court's order.