**Dwight D. TROXAL, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 03–6486.

United States Court of Appeals, Sixth Circuit.

Sept. 21, 2004.

Julie A. Atkins, Atkins Law Office, Harlan, KY, for Plaintiff–Appellant.

Loretta Simonetti Harber, Asst. U.S. Attorney, U.S. Attorney's, Office, Knoxville, TN, for Defendant–Appellee.

Before MARTIN, COLE, and GIBBONS, Circuit Judges.

## ORDER

Dwight D. Troxal appeals a district court judgment that affirmed the denial of his application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Troxal alleged that he became disabled in 1998, mainly due to an injured knee and wrist, pneumoconiosis, bursitis, and depression. An Administrative Law Judge ("ALJ") found that he had severe impairments that precluded his past work, even though his condition was not equal to any of the impairments that are listed in Appendix 1 to the regulations. However, the ALJ also found that Troxal was not fully credible and that he was still able to perform a significant range of light and sedentary work. Thus, the ALJ relied on the testimony of a vocational expert ("VE") to find that Troxal was not disabled because a significant number of jobs were still available to him. This opinion became the final decision of the Commissioner on July 19, 2001, when the Appeals Council declined further review.

The district court granted the Commissioner's motion for summary judgment and dismissed Troxal's case on September 25, 2003. It is from this judgment that he now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

■ The ALJ's finding that Troxal could perform the exertional demands of light work is supported by the opinion of an examining consultant, Dr. Page, who also noted a normal range of motion of the upper and lower extremities. This assessment is consistent with the reports of two reviewing physicians, which indicate that Troxal can perform medium work and that his ability to push, pull and manipulate objects is not significantly limited. Thus, there is substantial evidence to support the ALJ's finding that Troxal could perform the exertional demands of a limited range of light work. *See Hardaway v. Sec'y of Health and Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987).

■ Since Troxal could not perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were still available to him. *See Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir.1999). Thus, the ALJ based his finding that Troxal was not disabled on the VE's response to the following hypothetical question:

Assume for my first hypothetical that you've got a younger individual, at age 44, who has marginal literacy, more or less. I assume that he's not illiterate, but that he's certainly not reading at a high level of education, not at the high school level certainly. So, I'm going to assume that he's essentially at the marginal level. Let's assume that the individual has the same work history as the claimant. Basically coal mining work that was very heavy. Assume there's a mild to a moderate breathing disorder, whether it's chronch (Phonetic) obstructive or restrictive pulmonary disease or black lung disease. Whatever the precise diagnosis, I want to assume that it doesn't exceed a moderate level, but that he would have to avoid extremes of temperature, strong fumes, excessive pulmonary irritants. Not that he would have to work in a perfectly controlled environment. Additionally, I want to assume that there's a history of a left knee injury with surgery, a history of a right wrist injury with, actually, three surgeries, and a history of a left shoulder injury as well. The individual is right-handed, and complains of some low back pain as well. He also complains of depression or anxiety. And has been diagnosed as suffering an adjustment disorder, with depressed mood. With estimated low average intellectual abilities. I want you to assume, for this hypothetical, that the individual has moderate limitations mentally. But he could tolerate unskilled or low semi-skilled work that is not performed at a high stress environment. I think that his primary difficulty is, in fact, physical, and that he would be limited for this hypothetical, to a full range of light exertion essentially. . . .

Troxal now argues that the hypothetical question was inappropriate because the VE was asked to assume that the claimant "could tolerate unskilled or low semiskilled work that's not performed at a high stress environment." However, the assumptions in the ALJ's question were adequately supported by the medical record, including the following psychological assessment

that Dr. Spangler, Ed. D., prepared in July of 1999:

> The claimant's ability to understand and remember is not significantly limited. His ability to sustain concentration and persistence is not significantly limited. His social interactions are limited due to an Adjustment Disorder with depressed mood (moderate). His ability to adapt is not significantly limited.

Thus, there was substantial evidence in the medical record to support the assumptions in the ALJ's hypothetical question. *See Smith v. Halter,* 307 F.3d 377, 378 (6th Cir.2001).

In response, the VE identified over one million light and sedentary jobs that were available to Troxal in the national economy. Troxal argues that the VE's testimony was not consistent with the description of certain jobs in the Dictionary of Occupational Titles. This argument is unavailing because the VE identified over 700,000 light jobs that were available to Troxal in the national economy, even if all of the disputed jobs were eliminated. Hence, there was substantial evidence in the record to support the Commissioner's ultimate determination that Troxal was not entitled to disability benefits because a significant number of jobs were available to him, even if he could not perform his past work. *See Harmon,* 168 F.3d at 291–92.

Accordingly, the district court's judgment is affirmed.