**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0162n.06
Filed: March 1, 2006

**No. 04-4551**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

ADRIAN MARTIN,

      Plaintiff-Appellant,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant-Appellee.

_____/

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

**BEFORE:**    **BOGGS, Chief Judge, and BATCHELDER, Circuit Judges; COHN, District Judge**[*]

**AVERN COHN, District Judge.** This is a Social Security case. Plaintiff-Appellant Adrian J. Martin (Martin) appeals from a decision rendered by an Administrative Law Judge (ALJ) and upheld by a Magistrate Judge denying her Social Security benefits. Martin applied for disability benefits and supplemental security income benefits from Defendant-Appellee Commissioner of Social Security (SSA). Martin argues that the ALJ made errors of law and fact that resulted in an incorrect decision to deny benefits, and that the Magistrate Judge improperly upheld the decision. For the reasons that follow, the decision of the Magistrate Judge is AFFIRMED.

---

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I. BACKGROUND

Martin applied for benefits from the SSA in August, 1999, after she allegedly became disabled. Martin was a 32-year-old packer and machine operator. She claimed that lower back and leg pain, obesity, depression, and anxiety caused her to become disabled on May 15, 1999, when she last worked. Dr. Robert Whitten (Dr. Whitten), a physiatrist, treated Martin in mid-1999. She underwent an MRI and surgery in August, 1999, for a herniated disk performed by Dr. William Tobler. In November, 1999, Martin was seen by Dr. Rashid Khan (Dr. Khan), an internist, who said that Martin could not work for more than 1.5 hours in an 8-hour day. In 2000, Martin underwent a second MRI, which showed improvement. Several doctors saw Martin during this time, the majority of whom reported improvement and an ability of Martin to perform light work. Dr. Khan continued to report that Martin was disabled.

Martin's requested benefits were denied initially and in reconsideration hearings. Martin requested a hearing with a Social Security Administrative Law Judge. The ALJ held a hearing and found Martin "not disabled" and "not entitled to benefits." The ALJ found that while Martin could not perform tasks from her past work, she could perform three unskilled sedentary jobs. Martin appealed the ALJ decision to the Social Security Appeals Council (Appeals Council). The Appeals Council remanded the decision to deny benefits to consider conflicts in the testimony of a vocational expert and the Dictionary of Occupational Titles (DOT). The ALJ held a second hearing in 2002. The second ALJ hearing also resulted in a finding of "not disabled" and "not entitled to benefits." On March 17, 2003, the Appeals Council upheld the denial of benefits.

Following the Appeals Council decision, Martin filed a civil action in the United States District Court for the Southern District of Ohio. The parties consented to the jurisdiction of a

Magistrate Judge. The Magistrate Judge found that the ALJ decision was supported by substantial evidence that Martin could perform an unskilled sedentary job as an assembler. Martin filed a timely motion under Fed. R. Civ. P. 59(e) to alter or amend the decision. The SSA did not file a response; the Magistrate Judge denied the motion. The Magistrate Judge held: that the ALJ complied with Social Security regulations governing the evaluation of medical opinion evidence; that the court gives deference to the ALJ's findings and resolution of conflicts in the record; and, that Martin failed to raise the argument regarding the vocational expert's conflict in description and the DOT in her Statement of Specific Errors. This appeal followed.

## II. STANDARD OF REVIEW

"When reviewing the Commissioner's finding that a claimant is not disabled within the meaning of the Social Security Act, [the Sixth Circuit] consider[s] only whether the decision is supported by substantial evidence and whether the ALJ employed the proper legal standards." Schuler v. Comm'r of Soc. Sec., 109 F. App'x 97, 99 (6th Cir. 2004); 42 U.S.C. § 405(g) (2004). The standard for substantial evidence requires "more than a scintilla of evidence but less than a preponderance." Brainard v. Sec'y of Health & Human Servs., 889 F.2d 679, 681 (6th Cir. 1989). All that is required to uphold the Commissioner's findings is that the record contain evidence that "a reasonable mind might accept as adequate to support a conclusion." Buxton v. Halter, 246 F.3d 762, 772 (6th Cir. 2001) (internal quotations and citations omitted). The court may not review the case de novo, resolve conflicts in evidence, or decide questions of credibility. Schuler, 109 F. App'x at 99. The court reviews questions of law de novo. Wright v. Comm'r of Soc. Sec., 321 F.3d 611, 614 (6th Cir. 2003).

### III. ANALYSIS

### 1. The ALJ Reasonably Evaluated the Physicians' Opinions.

Martin contends that the judgment of the ALJ was incorrect because 1) the ALJ improperly considered Dr. Whitten to be the "treating doctor;" and, 2) the ALJ erred as a matter of law by only considering the issue of giving Dr. Khan "controlling weight" instead of the "most weight" in the record.

The Sixth Circuit recognizes that:

> The ALJ normally gives considerable weight to opinions from treating sources, since they are most likely to have a full understanding of the claimant's condition. The opinion of a treating physician will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record. The ALJ, however, retains the responsibility for making the ultimate determination of whether the claimant is disabled.

Schuler, 109 F. App'x at 101(internal citations omitted). In making a determination of disability, the ALJ reviews "all of the medical findings and other evidence that support a medical source's statement that [the claimant is] disabled." 20 C.F.R. § 404.1527(e)(1).

When there are multiple doctors with opposing opinions, an ALJ's decision to reject the opinion of a treating doctor is reviewed under the substantial evidence standard. Schuler, 109 F. App'x at 101; See also Robinson v. Barnhart, 124 F. App'x 405 (6th Cir. 2005); Edwards v. Comm'r of Soc. Sec., 97 F. App'x 567 (6th Cir. 2004). Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, it does not necessarily mean that the opinion should be completely rejected; the weight to be given to the opinion is determined by a set of factors that guides the weight given to the medical opinion, including treatment relationship, supportability, consistency, specialization, and other

4

factors. See Social Security Ruling 96-2p (July 2, 1996): Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions (SSR 96-2p); 20 C.F.R. § 404.1527(d).

In this case, Dr. Khan was an internist who evaluated Martin and found she was disabled. Dr. Khan treated Martin the longest. However, all the other doctors evaluating Martin contradicted Dr. Khan's findings, including: Dr. Whitten, a specialist who treated Martin before Dr. Khan; Dr. Quillan, a doctor working for the Ohio Bureau of Disability Determination; Dr. Swank, an orthopedic specialist and treating physician; and Dr. Groh, a specialist with the Pain Care Institute. Furthermore, information in Martin's medical records reflected that Martin had full strength, intact sensation, and a smooth gait. (Tr. 266, 308-309, 313). Martin also told a social worker that her leisure activities included decorating and going to activities related to her three children, ages 9, 11, and 12. (Tr. 290). Martin's assertion that Dr. Whitten did not treat her as long or as recently as Dr. Khan and thus cannot be a "treating doctor" goes to the issue of credibility that is properly to be determined by the ALJ.

Dr. Khan's opinion was contradicted by other doctors and information in Martin's medical records. The ALJ said Dr. Khan's treatment records "show a lack of positive signs and findings," (Tr. 22), and were inconsistent with the record. Dr. Khan was a generalist, whereas Dr. Whitten was a specialist. The Magistrate Judge discussed these and other factors relevant to the weight of Dr. Khan's opinion, found that the ALJ reasonably rejected Dr. Khan's opinion, and found that substantial evidence supported the ALJ decision. The ALJ found that Dr. Whitten's opinion "was supported by his treatment records." (Tr. 22). A "treating physician" is a doctor "who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you." 20 C.F.R. § 404.1502. Though there is some factual dispute

5

about when Dr. Whitten last treated Martin, under both parties' view Dr. Whitten does qualify as a "treating doctor." The ALJ had the duty to resolve conflicts in medical evidence, <u>Richardson v. Perales</u>, 402 U.S. 389, 399 (1971), which it did against Martin. It is unnecessary to explore the appropriate amount of weight to allocate among multiple treating doctors. The Magistrate Judge did not err in denying Dr. Khan's opinion increased weight, and did not err in considering Dr. Whitten a "treating doctor."

## 2. The ALJ's Credibility Findings are Supported by Substantial Evidence.

Martin next argues that the ALJ improperly relied on past activities to evaluate pain, credibility, and subjective complaints. Martin says the Magistrate Judge and ALJ did not consider all relevant factors and erroneously relied on old activities to discount her pain and credibility.

In evaluating a claimant's allegations of pain and limitations, the ALJ considers (1) whether the objective medical evidence shows "the existence of a medical impairment(s) which ...could reasonably be expected to produce the pain or other symptoms alleged;" and (2) the intensity and persistence of the symptoms to evaluate a person's capacity for work, considering all available evidence. 20 C.F.R. § 404.1529. The ALJ's determinations of credibility are given great weight, and are reviewed for substantial evidence. <u>Jones v. Comm'r of Soc. Sec.</u>, 336 F.3d 469, 476 (6th Cir. 2003).

Martin says the ALJ and Magistrate Judge erred when they considered activities, such as decorating and attending her children's events, that she only did before becoming disabled, or after which she experienced considerable pain. Martin says these errors support her credibility. Martin also says her credibility is bolstered by factors not considered by the ALJ, such as certain medical reports, daily activities, and medications taken. The SSA responds that the ALJ's credibility

6

finding is supported by a number of factors, including the medical evidence, physician opinion, treatment, medication, and activities of daily living, and notes that the ALJ did acknowledge that Martin had significant limitations by concluding that Martin could perform only a reduced range of sedentary work. Therefore, the SSA says the ALJ's determination is supported by substantial evidence.

This court does not reexamine questions of credibility or reevaluate conflicting evidence when reviewing denials of Social Security benefits. Schuler, 109 F. App'x at 99. The above evidence is conflicting. Given the highly deferential standard for reviewing the ALJ's decision relating to a denial of benefits, the decision is supported by substantial evidence.

**3. The ALJ Properly Considered the Vocations Listed by the Vocational Expert.**

The vocational expert testified that Martin could work as an assembler, telephone operator, or general office clerk. (Tr. 415-416). In response to a question from Martin's counsel, the vocational expert stated that the Specific Vocational Preparation ratings (SVPs) for these positions were 1 or 2. (Tr. 418). The ALJ asked if there was a conflict between the DOT description of the SVP for the third position. (Tr. 417). The vocational expert testified that there was not. (Tr. 417).

Unfortunately, there was a conflict between the vocational expert's testimony and the SVPs of two of the positions, telephone operator and general office clerk, which both have an SVP of 3 in the DOT. The DOT description of the SVP for the third position, assembler, is consistent with the vocational expert's testimony. Martin did not bring this discrepancy to the ALJ's attention, and first raised the issue that a conflict existed upon filing her brief in the district court. (Docket no. 3).

Martin argues that because the vocational expert's testimony was incorrect with regard to the SVP of two of the positions offered, the vocational expert cannot be deemed credible with

regard to the third position. The SSA argues that the ALJ reasonably relied on the vocational expert's testimony because the assertion that Martin could perform the jobs identified by the vocational expert was uncontradicted, and, alternatively, because the vocational expert was correct regarding the third position.

A Social Security Ruling sets forth the actions required of an ALJ when there is an apparent conflict between the testimony of the vocational expert and the DOT. See Social Security Ruling 00-4p (December 4, 2000): Titles II and XVI: Use of Vocational Expert and Vocational Specialist Evidence, and Other Reliable Occupational Information in Disability Decisions (SSR 00-4p). The SSR 00-4p does not address what to do when a conflict is not apparent. Under the SSR 00-4p, the ALJ is entitled to evaluate the testimony of a vocational expert, the DOT, and other relevant evidence, but is not required to rely on any of these sources.

Consistent with the SSR 00-4p, the ALJ asked if there was a conflict. (Tr. 417). The vocational expert testified that there was not. (Tr. 417). Martin did not bring the vocational expert's mistake to the ALJ's attention. Nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct. Furthermore, even if there is a conflict between the expert's testimony and the DOT, "neither the DOT or [the expert's testimony] automatically trumps when there is a conflict." SSR 00-4p. When there is a conflict, the ALJ must resolve the conflict by determining if the explanation given by the expert is reasonable and provides a basis for agreeing with the expert rather than the DOT information. SSR 00-4p. Because Martin did not bring the conflict to the attention of the ALJ, the ALJ did not need to explain how the conflict was resolved. Here, the ALJ specifically asked if there was a conflict and the uncontradicted testimony of the vocational expert indicated that

8

no conflict existed.

Furthermore, even if the two positions about which there were inconsistencies had been excluded, the ALJ still could have reasonably found that Martin could perform the third position of assembler. In Troxal v. Comm'r of Soc. Sec., 113 F. App'x 80, 83 (6th Cir. 2004), the court rejected the argument of a claimant that the testimony of the vocational expert was inconsistent with the description of certain jobs in the DOT because sufficient positions existed in the national economy to constitute a significant number of jobs even if all of the disputed jobs were eliminated. While there are only 107,826 assembler jobs in the United States, 870 of the jobs are concentrated in Martin's geographic region. Contrary to Martin's position, 870 jobs can constitute a significant number in the geographic region. See Stewart v. Sullivan, 904 F.2d 708 (6th Cir. 1990)(125 jobs in the local area is a significant number of jobs).

### 4. The Decision of the ALJ to Deny Benefits was Supported by Substantial Evidence Based Upon the Record as a Whole.

With regard to the finding that Martin was "not disabled," all of the doctors who evaluated Martin and her medical records with the exception of Dr. Khan noted improvement in her condition and consistently indicated that she could perform light work. Even Dr. Khan's medical records regarding Martin included information that is consistent with the ALJ's finding that Martin could perform a reduced range of sedentary work. Recognizing that the substantial evidence standard is "more than a scintilla of evidence but less than a preponderance," Brainard, 889 F.2d at 681, there is sufficient material in the record to show that the decision of the ALJ was supported by substantial evidence.

The ALJ's finding that a significant number of jobs existed for Martin is also supported by substantial evidence because the uncontradicted testimony of the vocational expert identified three

potential positions with a significant number of jobs available. Once the ALJ asked the vocational expert if her testimony was consistent with the DOT, the ALJ satisfied its requirements under the SSR 00-4p. It was Martin's duty, acting through counsel, to present her case to the ALJ.

## IV. CONCLUSION.

For the above reasons, the decision of the Magistrate Judge upholding the Commissioner of Social Security's denial of disability benefits is AFFIRMED.