**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

<table>
<tr>
<td>

AVERY ARMANI,
        *Plaintiff-Appellant*,

v.

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY, a
corporation,
        *Defendant-Appellee.*

</td>
<td>

No. 14-56866

D.C. No.
2:13-cv-07058-
RSWL-RZ

OPINION

</td>
</tr>
</table>

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted October 3, 2016
Pasadena, California

Filed November 4, 2016

Before: Dorothy W. Nelson and Richard A. Paez, Circuit
Judges, and Elaine E. Bucklo,\* Senior District Judge.

Opinion by Judge D.W. Nelson

---

\* The Honorable Elaine E. Bucklo, Senior United States District Judge
for the Northern District of Illinois, sitting by designation.

**SUMMARY**[**]

**Employee Retirement Income Security Act**

The panel vacated in part the district court's judgment in favor of the defendant in part in plaintiff's action under the Employee Retirement Income Security Act, challenging a denial of benefits under a long term disability insurance policy.

The administrative record showed that the plaintiff could not sit for more than four hours a day. The district court, reviewing de novo, nonetheless upheld the insurer's determination that the plaintiff could perform sedentary work. The panel held that the district court erred by rejecting the plaintiff's proposed definition of "sedentary" work on the basis that it was drawn from the Social Security context. Agreeing with other circuits, the panel held that an employee who cannot sit for more than four hours in an eight-hour workday cannot perform "sedentary" work that requires "sitting most of the time."

The panel vacated the part of the district court's judgment denying the plaintiff his long term disability benefits and remanded for further proceedings.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Charles Fleishman (argued) and Paul A. Fleishman, The Fleishman Law Firm, Woodland Hills, California, for Plaintiff-Appellant.

Linda M. Lawson (argued) and Charles K. Chineduh, Meserve Mumper & Hughes LLP, Los Angeles, California, for Defendant-Appellee.

**OPINION**

D.W. NELSON, Senior Circuit Judge:

Avery Armani (Armani) appeals the district court's judgment denying him benefits under his long term disability policy sponsored by his employer and issued by Appellee Northwestern Mutual Life Insurance Company (Northwestern Mutual). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we **VACATE** the part of the judgment denying Armani benefits and **REMAND** the case for further proceedings consistent with this opinion.

**BACKGROUND**

Armani worked as a full-time controller for the Renaissance Insurance Agency (Renaissance) from November 3, 2008 to May 18, 2011. On January 6, 2011, during the normal course of his employment, Armani injured his back while lifting a heavy backup power supply. A family practitioner treated Armani on January 26, 2011, and diagnosed a lumbar region sprain, muscle spasms, and sciatica. A chiropractor, Dr. Brian Padveen, later treated

Armani, restricted him to modified work effective April 13, 2011, and instructed Armani not to sit continuously without the ability to change position.  On April 19, 2011, an MRI revealed minor disc desiccation as well as disc bulge and annular tear.  Armani stopped working on May 18, 2011 as a result of his increasing back pain.  Dr. Padveen determined the next day that Armani was unable to work and that he should be re-evaluated on June 22, 2011.  Armani saw a different chiropractor on June 22, 2011, who also determined that Armani was unable to work and that he should be re-evaluated again at a later date.

As a Renaissance employee, Armani was insured under a group long-term disability policy (the LTD Plan) issued by Northwestern Mutual.  Under the terms of the LTD Plan, the definition of disability changes after benefits are paid for 24 months.  For the first 24 months, a claimant is "only required to be Disabled from [his] own occupation," which means the claimant is either "[u]nable to perform with reasonable continuity the material duties of [his] own occupation" or "[u]nable to earn more than 80% of [his] Indexed Predisability Earnings while working in [his] own occupation."  To receive benefits after 24 months of disability payments, the claimant must then "be Disabled from all occupations."  This requires the claimant to demonstrate that he is "[u]nable to perform with reasonable continuity the material duties of any gainful occupation for which [he is] reasonably fitted by education, training, and experience" or "[u]nable to earn more than 80% of [his] Indexed Predisability Earnings while working in [his] own or any other occupation."

Armani completed a Group Disability Claim Employee Statement for Northwestern Mutual on July 15, 2011,

reporting that his back injury prevented him "from sitting, standing, walking, driving, and concentrating for prolonged period of time without experiencing a lot of pain &/or difficulty." Northwestern Mutual also received a description of Armani's "working conditions" as "sedentary the majority of the time in a quiet office environment." Armani indicated that his job required him to sit for approximately seven hours a day and stand or walk for one hour a day. On July 25, 2011, Northwestern Mutual received an Attending Physician Statement indicating that Armani was limited to sitting for four hours, standing for two hours, and walking for two hours during an eight-hour workday. Northwestern Mutual's vocational case manager later confirmed that Armani's occupation was classified as sedentary, and Armani's disability claim was approved under the "own occupation" test effective July 18, 2011.

Between September 2011 and January 2012, Armani continued to visit chiropractors, pain specialists, and physicians, all of whom confirmed that Armani's disability precluded him from working. On January 16, 2012, another chiropractor indicated that Armani was limited to sitting for four hours a day and to standing and walking for two hours a day, but believed that Armani's condition would improve and that he could return to work on July 6, 2012. Based solely on these medical records, Northwestern Mutual's reviewing physician, Dr. John Hart, determined that Armani was capable of working in a sedentary position.

On February 11, 2013, Armani returned to Dr. Padveen, who determined that Armani was still limited to sitting for four hours a day and to standing and walking for two hours a day. In a follow-up visit on April 15, 2013, Dr. Padveen again stated that Armani could sit for between two and four

hours a day and must alternate between sitting and standing to relieve pain every 30 minutes.

Dr. Hart was asked again by Northwestern Mutual to review Armani's medical records and on April 18, 2013, wrote that Armani was "capable of doing a sedentary-level occupation without limitations or restrictions." Using Dr. Hart's report, Northwestern Mutual's vocational case manager assessed Armani's ability to perform "any occupation" given his functional capacity, work history, skills, and training. On June 12, 2013, the case manager identified three positions in addition to Armani's own position that he could perform at a "sedentary" level. She based her assessment on the Dictionary of Occupational Titles (DOT), published by the United States Department of Labor, which states that "[s]edentary work involves *sitting most of the time*, but may involve walking or standing for *brief* periods of time." (emphasis added).

By letter dated July 9, 2013, Northwestern Mutual informed Armani that his LTD claim was being closed because his records did not support a disability under the "own occupation" or "any occupation" test. Armani appealed the decision and asked for review by a second doctor. After being assigned to review Armani's records, Dr. Hans Carlson also found that the records "[did] not support that [Armani] would be precluded from sedentary-level work." Dr. Carlson further elaborated that "[i]t would be reasonable that [Armani] would have the ability to reposition from sitting to standing occasionally as needed." On September 11, 2013, Northwestern Mutual informed Armani that it was upholding its claim decision.

On September 16, 2013, Armani filed a lawsuit pursuant to the Employee Retirement Income Security Act (ERISA) seeking judicial review of Northwestern Mutual's claim decision.[1] Following a bench trial, during which the district court reviewed de novo Northwestern Mutual's determination, the court awarded Armani benefits for the remainder of the first 24 months of disability under the Plan, finding that "there was no change in circumstances sufficient to warrant denying [Armani] the nine days of benefits at the end of the 'own occupation period.'"

However, the district court also held that Armani failed to show by a preponderance of the evidence that he was disabled from "all occupations" after July 18, 2013, reasoning that "[t]he Administrative Record contain[ed] scant information regarding [Armani's] condition during this period." Although Armani argued that he was "unable to perform any occupation classified as 'sedentary,' because, by definition, 'sedentary' requires an ability to sit for six hours," the court held that Northwestern Mutual was not bound by this definition, and that Armani had failed to demonstrate how his disability prevented him from performing any of the sedentary occupations identified by the vocational case manager.

The district court also excluded four exhibits from outside the administrative record that Armani attempted to introduce with his Reply Trial Brief, finding that the documents "[were]

---

[1] The beneficiary of a disability insurance plan may bring a civil action under ERISA "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

not necessary to adequately conduct [the court's] review." One such exhibit included an August 7, 2013 medical evaluation stating that Armani was still limited to sitting for two to four hours a day. Armani timely appealed.

## STANDARD OF REVIEW

We review the district court's findings of fact for clear error and its conclusions of law de novo. *United States v. Bell*, 602 F.3d 1074, 1079 (9th Cir. 2010).

## ANALYSIS

When a district court reviews de novo a plan administrator's determination of a claimant's right to recover long term disability benefits, the claimant has the burden of proving by a preponderance of the evidence that he was disabled under the terms of the plan. *Muniz v. Amec Const. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010).

The administrative record available to the district court plainly showed that, between July 25, 2011, and April 15, 2013, every physician and chiropractor who treated Armani determined that he could not sit for more than four hours a day. Nonetheless, the district court upheld Northwestern Mutual's determination that Armani could perform work at the "sedentary" level as of April 18, 2013. The district court rejected Armani's proposed definition of "sedentary" work on the basis that it was drawn from the Social Security context. Citing "the vast differences in both form and function between Social Security law and ERISA law," the district court concluded, without further discussion or analysis, that "the federal criteria for Social Security claims are not

transferable to ERISA cases."    This conclusion was erroneous.

Indeed, while this Court has yet to address the question, other courts evaluating ERISA claims and interpreting the DOT have consistently held that an employee who cannot sit for more than four hours in an eight-hour workday cannot perform work classified as "sedentary." *See, e.g.*, *Connors v. Connecticut General Life Ins. Co.*, 272 F.3d 127, 136 n.5 (2d Cir. 2001) ("The ability to sit for a total of four hours does not generally satisfy the standard for sedentary work."); *Brooking v. Hartford Life & Accident Ins. Co.*,167 Fed. Appx. 544, 548–49 (6th Cir. 2006); *Robertson v. Standard Ins. Co.*, 139 F. Supp. 3d 1190, 1209 (D. Or. 2015) ("Since sedentary work, as defined by the DOL's Dictionary of Occupational Titles, 'involves sitting most of the time,' . . . courts have concluded that even a four-hour sitting tolerance is insufficient to render one capable of performing sedentary work.") (internal citations omitted).  Some of these courts have further noted that "sedentary work" generally requires the ability to sit for at least six hours. *See LaVertu v. Unum Life Ins. Co. of Am.*, 2014 WL 1224736, at *13 (C.D. Cal. Mar. 25, 2014) ("Sedentary work requires the ability to sit for at least six hours of an eight-hour workday."); *Wykstra v. Life Ins. Co. of N. Am.*, 849 F. Supp. 2d 285, 295 (N.D.N.Y. 2012) ("[T]he generally recognized definition of sedentary work is work that 'involves up to *two hours of standing or walking* and *six hours of sitting* in an eight-hour work day.'"); *Alfano v. CIGNA Life Ins. Co. of New York*, 2009 WL 222351, at *18 (S.D.N.Y. Jan. 30, 2009) (noting that "6 hours per day [is] generally recognized as the minimum [sitting] tolerance required for sedentary work"); *Mead v. ReliaStar Life Ins. Co.*, 2008 WL 850675, at *2 n.4 (D. Vt. Mar. 27, 2008) ("A generally recognized standard for sedentary work 'involves

up to *two hours of standing or walking* and *six hours of sitting* in an eight-hour work day.'"). Accordingly, these cases reflect the logical conclusion that an employee who is unable to sit for more than half of the workday cannot consistently perform an occupation that requires sitting for "most of the time." We agree with this commonsense conclusion and hold that an employee who cannot sit for more than four hours in an eight-hour workday cannot perform "sedentary" work that requires "sitting most of the time."

Rather than consider whether the preponderance of the evidence established that Armani was unable to perform "any occupation" while restricted to sitting for no more than four hours a day, the district court rejected Armani's proposed definition of "sedentary" work on the erroneous basis that the definition was limited to the Social Security context. That error led the court to conclude that Armani had not established that he was unable to perform the four positions Northwestern Mutual had identified based on his functional capacity as of April 18, 2013, despite the fact that all four positions were classified as "sedentary," and despite undisputed evidence that, as of that date, Armani was unable to sit for more than four hours a day.

Accordingly, we hold that the district court erred in denying Armani his long term disability benefits under the Plan. Because we vacate the district court's judgment on these grounds, we need not decide whether the district court properly excluded extra-record evidence submitted by Armani.

## CONCLUSION

We **VACATE** the part of the district court's judgment denying Armani his long term disability benefits and **REMAND** the case for further proceedings consistent with this opinion.