NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE A. HINSHAW, | No. 15-55902 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06157-DDP-PLA |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, Erroneously Sued As Unum Provident Life Insurance Company of America, Group Life Disability, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 14, 2017[**]

Before:      GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

George A. Hinshaw appeals pro se from the district court's summary

judgment in his action under the Employee Retirement Income Security Act of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

1974 ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Where an ERISA-governed plan grants discretionary authority to determine eligibility for benefits or to construe the terms of the plan, we review for an abuse of discretion the administrator's interpretation of the plan, and de novo the district court's application of this standard. *Tapley v. Locals 302 & 612 of the Int'l Union of Operating Eng'rs-Emp'rs Constr. Indus. Ret. Plan*, 728 F.3d 1134, 1139 (9th Cir. 2013). Where the administrator has a conflict of interest, we apply abuse of discretion review to a discretion-granting plan "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006) (en banc).

Summary judgment for defendant was proper because Hinshaw failed to raise a genuine dispute of material fact as to whether the administrator's conflict of interest impacted its decision and whether the administrator's decision was a reasonable interpretation of the plan's terms. *See Stephan v. Unum Life Ins. Co. of*

15-55902

*Am.*, 697 F.3d 917, 930 (9th Cir. 2012) (traditional summary judgment principles apply to consideration of the "nature and impact" of a conflict of interest); *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000) (under abuse of discretion standard, plan administrator's decision to deny benefits must be upheld "if it is based upon a reasonable interpretation of the plan's terms and if it was made in good faith").

The district court did not clearly err by finding that ERISA's safe harbor provision did not apply to this case. The evidence showed that Hinshaw's employer made contributions to the long-term disability plan. *See* 29 C.F.R. § 2510.3-1(j); *Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1162-63 (9th Cir. 2016) (setting forth standard of review for district court's findings of fact).

**AFFIRMED.**