**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SONIA CRUZ-BACA, | No.   15-56921 |
| Plaintiff-Appellant, | D.C. No.<br>2:14-cv-07887-JFW-MAN |
| v. | |
| EDISON INTERNATIONAL LONG<br>TERM DISABILITY PLAN, an ERISA<br>plan, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted June 6, 2017
Pasadena, California

Before:  REINHARDT and KOZINSKI, Circuit Judges, and BERG,[**] District Judge.

1.  In its termination letter to Cruz-Baca, the Plan acknowledged it was aware of her award of social security disability insurance (SSDI) benefits.  Indeed,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Terrence Berg, United States District Judge for the Eastern District of Michigan, sitting by designation.

the Plan previously required Cruz-Baca to apply for such benefits so that the Plan might reduce its own payment obligation to Cruz-Baca. Failing to comply with its obligation under Ninth Circuit and Supreme Court precedent, the Plan did not meaningfully review Cruz-Baca's SSDI award. ERISA plan administrators are not bound by prior Social Security Administration (SSA) determinations. *See Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 635 (9th Cir. 2009); *see also Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 679 (9th Cir. 2011) ("Social Security disability awards do not bind plan administrators, but . . . are evidence of disability"). However, disregarding or failing to "grapple" with an SSDI award "raises questions about whether an adverse benefits determination was 'the product of a principled and deliberative reasoning process.'" *Montour*, 588 F.3d at 635 (quoting *Glen v. MetLife*, 461 F.3d 660, 674 (6th Cir. 2008)); *see also Glen*, 461 F.3d at 671 n.3 (noting the distinction between mentioning a contrary determination and discussing it). Similarly, "not distinguishing the SSA's contrary conclusion may indicate a failure to consider relevant evidence." *Montour*, 588 F.3d at 635 (citing *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 123-24 (2008) (Roberts, C.J., concurring in part and concurring in the judgment). No principled reason is offered for the Plan's failure to review Cruz-Baca's SSDI award, which is reliable evidence of her disability. This constituted an abuse of discretion.

2. It was arbitrary and capricious for Dr. Ramachandran Srinivasan to fail to discuss and consider Cruz-Baca's subjective complaints of pain as evidence of her chronic pain syndrome. This is particularly true given that Dr. Srinivasan observed Cruz-Baca exhibiting pain symptoms during the Independent Medical Evaluation (IME), and given that he noted her long history of chronic pain. This Court has previously held that "conditioning an award on the existence of evidence that cannot exist is arbitrary and capricious." *Salomaa*, 642 F.3d at 678. "Many medical conditions depend for their diagnosis on patient reports of pain or other symptoms, and some cannot be objectively established," but "a disability insurer [cannot] condition coverage on proof by objective indicators ... where the condition is recognized yet no such proof is possible." *Id.* Pain is an inherently subjective condition, and it is unclear what objective evidence the Plan was looking for in order to establish that Cruz-Baca's pain prevented her from working. Neither the Plan nor Dr. Srinivasan offered any explanation as to why Cruz-Baca's history of pain and pain-related treatment were insufficient to support a finding of disability. Under such circumstances, to disregard Cruz-Baca's subjective complaints of continuing and pervasive pain was arbitrary and capricious.

3. In 2012, the Plan hired Dr. Saleem Waraich to perform an IME of Cruz-Baca. Dr. Waraich concluded that Cruz-Baca had degenerative disc disease requiring sit/stand restrictions that precluded her from performing sedentary work.

Regarding whether a claimant can perform sedentary work, we have a "common sense," bright line rule: "an employee who cannot sit for more than four hours in an eight-hour workday cannot perform 'sedentary' work that requires sitting 'most of the time.'" *Armani v. Northwestern Mut. Life Ins. Co.*, 840 F.3d 1159, 1163 (9th Cir. 2016). In 2014, however, the Plan hired Dr. Srinivasan to perform another IME of Cruz-Baca. Making no reference to Dr. Waraich's 2012 IME, Dr. Srinivasan did not diagnose her with degenerative disc disease, did not find that she had any sit/stand restrictions and concluded that she could perform sedentary work. Dr. Srinivasan either ignored Dr. Waraich's IME or the Plan failed to provide it to him. During the administrative appeal, although the three reviewing doctors indicated that they were aware of Dr. Waraich's IME, they relied on Dr. Srinivasan's IME in concluding that Cruz-Baca could perform sedentary work, despite the conclusions by two of these doctors that she had degenerative disc disease. Dr. Waraich's 2012 IME was reliable medical evidence that Cruz-Baca could not perform a sedentary job. The Plan's failure to credit or meaningfully distinguish this evidence indicates that its decision to terminate Cruz-Baca's benefits was not the product of a principled and deliberative reasoning process. The Plan's failure to adequately consider and credit Dr. Waraich's IME – which offered reliable evidence that Cruz-Baca cannot perform sedentary work –

demonstrated an abuse of discretion.

Appellee's motion for judicial notice is granted.

**REVERSED and REMANDED**.

15-56921