

# FILED

**NOT FOR PUBLICATION**

SEP 11 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEAH A. BILYEU, | No. 16-15254 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:08-cv-02071-SRB |
| v. | MEMORANDUM[*] |
| MORGAN STANLEY LONG TERM DISABILITY PLAN; MORGAN STANLEY LONG TERM DISABILITY PLAN ADMINISTRATOR, | |
| Defendants-Appellees, | |
| FIRST UNUM LIFE INSURANCE COMPANY, | |
| Defendant-counter-claimant-Appellee. | |
| LEAH A. BILYEU, | No. 16-15314 |
| Plaintiff-counter-defendant-Appellee, | D.C. No. 2:08-cv-02071-SRB |
| v. | |
| MORGAN STANLEY LONG TERM | |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

DISABILITY PLAN; MORGAN
STANLEY LONG TERM DISABILITY
PLAN ADMINISTRATOR,

Defendants-Appellants,

FIRST UNUM LIFE INSURANCE
COMPANY,

Defendant-counter-claimant-
Appellant.

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted August 31, 2017
Pasadena, California

Before:  FISHER and BYBEE, Circuit Judges, and BARTLE, District Judge.[**]

In this action under the Employee Retirement Income Security Act (ERISA),

Leah Bilyeu appeals the adverse judgment on her claim that First Unum Life

Insurance Company (Unum) improperly terminated her long-term disability

benefits under the plan's mental health limitation.  Unum cross-appeals the adverse

judgment on its counterclaim seeking to recover the value of benefits it paid to

Bilyeu.  We have jurisdiction under 28 U.S.C. § 1291, we review the district

---

[**]  The Honorable Harvey Bartle III, United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

court's legal conclusions de novo and its factual findings for clear error, *see Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1162 (9th Cir. 2016), and we affirm.

1. Bilyeu contends the district court misapplied the summary judgment standard by making credibility determinations, weighing the evidence and resolving disputed issues of fact in granting judgment to Unum on her denial-of-benefits claim. This argument fails because the district court did not grant summary judgment but instead conducted a "trial on the record." *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-95 (9th Cir. 1999) (en banc).

Bilyeu suggests the court erred by proceeding to a trial on the record without affording her adequate notice. Even assuming the court erred, the error was harmless because Bilyeu has not shown she would have made different arguments in the absence of the alleged error. Further, the district court's decision to proceed to a trial on the record was consistent with the parties' own joint proposed scheduling order.

2. The district court did not clearly err by finding Bilyeu's disability lacked a physical component under *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950-51 (9th Cir. 1993). The court carefully and thoroughly considered the medical evidence in the record. Although Bilyeu's position that her disability had a

physical component was supported by her treating physician, Dr. Kenneth Proefrock, the court, as factfinder, permissibly chose to credit the opinions of Drs. Sharon Hogan and Norman Bress over that of Dr. Proefrock. *See Kearney*, 175 F.3d at 1095 (noting that in trials on the record, district courts may "evaluate the persuasiveness of conflicting testimony and decide which is more likely true").

3. Bilyeu's contention that the district court improperly imposed an additional eligibility requirement by requiring objective medical evidence is not supported by the record. *See Canseco v. Constr. Laborers Pension Tr. for S. Cal.*, 93 F.3d 600, 608 (9th Cir. 1996) (holding a plan administrator "may not construe a plan so as to impose an additional requirement for eligibility that clashes with the terms of the plan"). Although the district court properly considered the existence of objective medical evidence in weighing the evidence, the court did not treat objective medical evidence as an additional eligibility requirement.

4. Bilyeu's contention that the district court erred by disregarding the Social Security Administration's (SSA) disability finding also fails. Bilyeu never moved to supplement the administrative record to include the SSA ruling. Furthermore, even if the court erred by failing to consider the ruling, the error was harmless. Although SSA rulings are highly relevant to an ERISA disability determination, *see Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 679 (9th Cir.

4

2011); *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 635-36 (9th Cir. 2009), consideration of the ruling would have made no difference *in this case*, given the court's independent and thorough review of the medical evidence and the fact that the SSA never addressed the key issue before the district court – whether Bilyeu's disability had a physical component. Bilyeu's contention that the SSA concluded her mental impairments were not alone sufficient to establish a disability misapprehends the SSA's ruling. At step three in the sequential process, the SSA found only that Bilyeu's mental impairments did not meet or equal a listed impairment.

5. Bilyeu's judicial estoppel arguments also fail. First, Bilyeu contends that, "[o]nce a plan administrator aids and encourages a claimant to apply for [social security disability] benefits to reduce the amount of the plan's benefits, the administrator is estopped from denying the benefits based on the same disability as approved by the SSA." The case law Bilyeu cites, however, does not support this proposition. *See Ladd v. ITT Corp.*, 148 F.3d 753, 756 (7th Cir. 1998) (concluding in similar circumstances that an administrator's inconsistent position may implicate judicial estoppel, and may thus be relevant to whether an administrator abused its discretion in denying claims, but that it "does not provide an independent basis for rejecting" the administrator's denial of claims).

Second, Bilyeu has not shown that Unum asserted "clearly inconsistent" positions by seeking reimbursement under the plan's "same disability" clause. *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012). Because Unum took the position this clause applied to the same *period* of disability, Unum's contention that Bilyeu was entitled to social security disability benefits was not clearly inconsistent with its position that Bilyeu was subject to the plan's mental health limitation.

6. The district court properly entered judgment in favor of Bilyeu on Unum's counterclaim. First, with respect to Unum's "ill-gotten gains" theory of recovery, the district court did not clearly err by finding Bilyeu did not deliberately mislead Unum about her ability to work.[1] The court emphasized that: (1) Bilyeu did not withhold any medical records or information from Unum but instead supplied Unum with all of her medical records; (2) Unum reviewed Bilyeu's medical records for itself and found her disabled; (3) Bilyeu did not provide any false information to Unum; and (4) Unum neither alleged nor showed that Bilyeu was not disabled or misrepresented that she was disabled; in fact, Unum, Bilyeu's

---

[1] We assume without deciding that Unum's ill-gotten gains theory sought "equitable relief" under ERISA, 29 U.S.C. § 1132(a)(3).

6

employer and the SSA all agreed she was disabled. We find no clear error in the court's findings.

Second, with respect to Unum's "money had and received" theory of recovery, the district court properly concluded this claim sought legal rather than equitable relief. A claim for "money had and received" is a claim for restitution, and a claim for restitution can be either legal or equitable. "If restitution to the claimant is accomplished exclusively by a judgment for money, without resort to any of the ancillary remedial devices traditionally available in equity but not at law, the remedy is presumptively legal." Restatement (Third) of Restitution and Unjust Enrichment § 4 cmt. d (2011). That is, "[t]he standard legal remedy for a liability based on unjust enrichment is a judgment for money, to be satisfied from the assets of the defendant by the ordinary procedures of execution." *Id.* By contrast, "the hallmark of equitable remedies in restitution cases is that they give relief to the claimant via rights in identifiable assets." *Id.* Here, Unum has not shown that its claim for money had and received falls on the equitable side of restitution. The district court therefore properly concluded this claim did not seek equitable relief under 29 U.S.C. § 1132(a)(3).

**AFFIRMED.**