NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANNETTE FAWN ANDERSON, | No. 16-15522 |
| Plaintiff-Appellant, | D.C. No. 2:15-CV-00428-GMS |
| v. | |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 12, 2017**
San Francisco, California

Before: SILER,*** TALLMAN, and BEA, Circuit Judges.

Plaintiff Nannette Fawn Anderson appeals the district court's order

upholding Defendant Life Insurance Company of North America's ("LINA")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1

denial of her claim for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1. Where a district court has conducted a de novo review of an ERISA plan administrator's decision, we review the court's factual findings only to determine if they are "clearly erroneous." *Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010). We review the district court's conclusions of law de novo. *Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1162 (9th Cir. 2016).

2. The district court did not clearly err in weighing all of the medical evidence[2] and concluding that Anderson was not disabled under the group plan. *Muniz*, 623 F.3d at 1294. The district court considered Anderson's ailments both separately and cumulatively, and it provided ample evidentiary support for its conclusions. The court also considered the opinions of Drs. Campbell and Dooley and provided evidentiary support to find their opinions less persuasive. The district court's ultimate conclusion is amply supported by the record.

3. The district court did not err when it reviewed the record without requiring LINA to perform a vocational analysis in the first instance. *See McKenzie v. Gen. Tel. Co. of Cal.*, 41 F.3d 1310, 1317 (9th Cir. 1994) (holding

---

[1] Anderson's motion to take judicial notice (dkt. 18) is **DENIED**.

[2] To the extent that this disposition references information that has been filed under seal, we hereby unseal that information for purposes of this disposition.

that "consideration of vocational evidence is unnecessary" where the record is clear that the claimant "does not have an impairment which would prevent h[er] from performing some identifiable job"). In addition, the district court properly performed its own vocational analysis. As required under the plan, the district court considered the duties of the occupation as it is normally performed in the general labor market, and the court did not err when it failed to consider the mental demands of Anderson's job because no physician—outside of Dr. Campbell, whom the district court deemed less persuasive—placed any mental restrictions on Anderson.

4. Anderson's remaining arguments are unpersuasive and do not warrant reversal or remand.

**AFFIRMED**.

3