**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEA WAGENSTEIN, | No.   18-55955 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-06386-R-SS |
| v. | |
| CIGNA LIFE INSURANCE COMPANY, a corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 11, 2019
Pasadena, California

Before:  BOGGS,[**] BEA, and HURWITZ, Circuit Judges.

   In this ERISA action, Lea Wagenstein alleges that Cigna Life Insurance
Company improperly terminated her long-term disability benefits.  On de novo
review, the district court upheld the termination of benefits.  We vacate the district

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]   The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

court's judgment and remand.

1. Cigna terminated Wagenstein's benefits in April, 2017, and she promptly appealed. In response to the appeal, Cigna provided her with an opinion by examining physician Samir Shahin, M.D., which concluded that Wagenstein could sit for up to 2.5 hours per workday, and a vocational specialist's opinion that Wagenstein could perform two sedentary occupations with that limitation. But, as Cigna conceded at oral argument, "an employee who cannot sit for more than four hours in an eight-hour workday cannot perform 'sedentary' work that requires 'sitting most of the time.'" *Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1163 (9th Cir. 2016).

2. In its formal denial of Wagenstein's appeal on October 23, 2017, Cigna for the first time cited an opinion from Dr. Roger Belcourt, M.D., dated July 27, 2017, that Wagenstein could sit for up to eight hours per workday, and a vocational specialist's report that Wagenstein could therefore perform two sedentary jobs. But Cigna failed to disclose the Belcourt report to Wagenstein until the day it denied the appeal. The relevant regulation "requires an ERISA plan to furnish 'all documents, records, and other information relevant for benefits to the claimant.'" *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 680 (9th Cir. 2011) (quoting 29 C.F.R. § 2560.503–1(h)(2)(iii)). "Had [Cigna] met its duty of providing copies of [Belcourt's] evaluation[], then [Wagenstein's] treating physicians could have

2

provided such comments and performed such additional examinations and tests as might be appropriate. By denying [her] the disclosure and fair opportunity for comment, the plan denied [her] the statutory obligation of a fair review procedure." *Id.*

3. "[W]hen an administrator has engaged in a procedural irregularity that has affected the administrative review, the district court should 'reconsider [the denial of benefits] after [the plan participant] has been given the opportunity to submit additional evidence.'" *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) (en banc) (second and third alterations in original) (quoting *VanderKlok v. Provident Life & Accident Ins. Co.,* 956 F.2d 610, 617 (6th Cir. 1992)). The district court therefore erred in declining to consider letters from Wagenstein's treating physicians rebutting Belcourt's conclusions.

4. We therefore vacate the district court's judgment and remand for consideration of the supplemental evidence proffered by Wagenstein. In light of our remand, we need not consider Wagenstein's other arguments concerning the Belcourt opinion.[1] On remand, the district court should review the entire record in

---

[1] Wagenstein notes, for example, that all the doctors who have examined her have found her to be both credible and disabled, and that the lone contrary opinion in the record—Belcourt's—was based on a paper review of her file commissioned by Cigna after she alerted it that under Shahin's opinion, she was disabled under the bright-line rule in *Armani*. *Cf. Salomaa*, 642 F.3d at 676 (finding abuse of discretion where "[t]he medical record by physicians who actually examined [beneficiary] is entirely one sided in favor of [her] claim" yet plan credited its own non-examining

3

light of Wagenstein's rebuttal evidence and determine de novo whether the termination was justified.

**VACATED AND REMANDED.**  Each party shall bear its own costs.

---

physician's opinions); *Zavora v. Paul Reverse Life Ins. Co.*, 145 F.3d 1118, 1122–23 (9th Cir. 1998) (similar).  Wagenstein also notes that no physician other than Belcourt, who never met her, found her less than credible.