NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALICIA PEREZ, | No. 19-56274 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:18-cv-07422-CAS-JC |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
For the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted January 15, 2021**
Pasadena, California

Before: CALLAHAN and WATFORD, Circuit Judges, and RAKOFF,*** District Judge.

Alicia Perez appeals the district court judgment, entered after a bench trial,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

denying her claim for disability benefits under an ERISA-governed plan issued by Lincoln National Life Insurance Company ("Lincoln"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. "Where, as here, a district court has conducted a de novo review of an ERISA plan administrator's decision, we review the court's factual findings only to determine whether they are 'clearly erroneous.'" *Muniz v. Amec Const. Management, Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010). To qualify for benefits under the policy, Perez, a payroll analyst, was required to show by a preponderance of the evidence that she was "unable to perform with reasonable continuity the 'Substantial and Material Acts' necessary to pursue" her profession.

The district court found that Perez's substantial and material acts included "answering phone calls and typing emails involving payroll calculations, reviewing and preparing documents, handling interpersonal communication, and exercising independent judgment"—all of which, the district court further found, could be "completed either sitting or standing." Assessing the medical evidence from five treating physicians, two independent medical examinations, and three paper reviews, along with Perez's self-reported narratives, affidavits from her children, and the findings of an administrative law judge from Perez's contemporaneous pursuit of social security disability insurance benefits, the district court found that Perez had not established that she was incapable of performing these duties.

Although Perez takes issue with the credibility and conclusions of certain allegedly "biased" paper reviewers, the district court's findings were not clearly erroneous.

Perez's remaining objections to the district court's evaluation of the evidence are unavailing. Perez argues that the district court erred in finding that Perez's was not a sedentary occupation. This error, according to Perez, led the district court to overlook *Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1163 (9th Cir. 2016), where we held that an "employee who cannot sit for more than four hours in an eight-hour workday cannot perform 'sedentary' work that requires 'sitting most of the time.'" In making that finding, the district court relied on a job analysis prepared by Perez's supervisor that indicated that Perez's job could be "performed by alternating sitting and standing." While Perez points to competing evidence in the record that suggests her job was sedentary, we cannot say that the district court clearly erred in this regard.

Perez also contends that the district court failed to give proper weight to the fact that Lincoln initially granted Perez benefits before later terminating them. "That benefits had previously been awarded and paid may be evidence relevant to the issue of whether the claimant was disabled and entitled to benefits at a later date, but that fact should not itself shift the burden of proof," which "continues to lie with the plaintiff." *Muniz*, 623 F.3d at 1296. Although Perez is correct that the district court did not expressly address the evidentiary implications of the initial

award, Perez has not "provide[d] sufficient evidence to demonstrate that the district court committed clear error in its analysis of the record." *Id*. at 1297.

2. Where, as here, the district court reviews de novo the denial of benefits, that review must be limited to the administrative record unless "circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir. 1995). A district court's decision to admit evidence that was not before the administrator is reviewed for abuse of discretion. *Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007). Here, the district court did not abuse its discretion by considering certain adverse credibility determinations from Perez's social security decision because, as we have previously explained, such a decision "could not have [been] presented in the administrative process" and could be "particularly important evidence in ERISA cases." *See Nagy v. Grp. Long Term Disability Plan for Employees of Oracle Am., Inc.*, 739 F. App'x 366, 367 (9th Cir. 2018).

While Perez concedes that the district court may have been permitted to augment the record with the social security decision, she contends that what the district court actually did was take judicial notice of the decision. Therefore, according to Perez, the district court was permitted to consider only the fact of the decision, not the factual findings contained therein. *See Wyatt v. Terhune*, 315 F.3d

4

1108, 1114 n.5 (9th Cir. 2003) ("Factual findings in one case ordinarily are not admissible for their truth in another case through judicial notice."), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

We note as an initial matter that Perez's failure to oppose the admission of the social security decision before the district court amounts to a waiver of the argument on appeal. *United States v. Anekwu*, 695 F.3d 967, 985 (9th Cir. 2012). In any event, Perez is wrong to suggest that the district court took judicial notice of the social security decision. While the district court did call the credibility determinations from the social security decision "noticeable," it expressly relied on case law governing consideration of evidence outside the administrative record. In addition, the social security decision was before the district court by way of a sworn declaration, which is what the district court cited in considering the evidence.

**AFFIRMED.**