

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GABE MCCOOL,

        Plaintiff-Appellant,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA; APPLE, INC.,

        Defendants-Appellees.

No.   18-56529

D.C. No.
2:17-cv-07766-RGK-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 3, 2020
Pasadena, California

Before: RAWLINSON and N.R. SMITH, Circuit Judges, and KORMAN,[**]
District Judge.

    Appellant Gabe McCool (McCool) appeals the district court's judgment in

favor of Appellee Life Insurance Company of North America's (LINA) following

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

a bench trial. We have jurisdiction under 28 U.S.C. § 1291, and review the district court's factual findings following a bench trial for clear error. *See Stormans, Inc. v. Wiesman*, 794 F.3d 1064, 1075 (9th Cir. 2015). The district court's interpretation of the Employee Retirement Security Act (ERISA) and conclusions of law are reviewed *de novo. See id.*

McCool asserts that LINA wrongfully denied his requested disability benefits under his employer's ERISA benefit plan. In the normal course, a court would review the policy to determine the definition of "sedentary" or suggestion of what definition to follow. However, this policy does not contain a definition. Thus, the district court properly applied the standard from *Armani v. Northwestern Mut. Life Ins. Co.*, 840 F.3d 1159 (9th Cir. 2016), which (1) imposes the burden upon the claimant to prove by a preponderance of the evidence "that he was disabled under the terms of the plan"; and (2) adopts the "consistent" interpretation of "ERISA law" that an individual is unable to perform "any occupation" under a disability policy if that individual "cannot sit for more than four hours in an eight-hour workday." *Id.* at 1163 (citation omitted).

The district court did not clearly err in finding that McCool failed to meet his burden of proving by a preponderance of the evidence that he could not sit for four hours a day. Three doctors opined that McCool could sit "frequently."

"Frequently is defined as between 2.5 to 5.5 hours in an 8-hour workday." The district court found that McCool failed to establish that he cannot sit for four hours a day "despite repeated findings that he can sit frequently." This finding was not clearly erroneous in light of the record evidence, and was consistent with our analysis in *Armani*.

**AFFIRMED.**