**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARIE MIX,

      Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

      Defendant-Appellee.

No. 18-35968

D.C. No. 3:17-cv-05739-JRC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted September 2, 2020[**]
Seattle, Washington

Before: BYBEE and COLLINS, Circuit Judges, and STEARNS,[***] District Judge.

Carie Mix appeals from the district court's order affirming the decision of

the Commissioner of Social Security denying her claim for disability insurance

benefits under the Social Security Act. Mix contends that the Administrative Law

Judge ("ALJ") should have found that she had only the residual functional capacity

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] The Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

to perform sedentary work and that the ALJ erred by instead concluding that she was capable of light work with additional limitations. We review the district court's decision de novo and the agency's decision for substantial evidence. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). We affirm.

1. Mix argues that, in light of the ALJ's finding that Mix could not perform work that "require[s] walking or standing more than two hours total in a workday," the ALJ should have found that Mix was categorically limited to sedentary work. Specifically, Mix notes that the agency has stated that the "major difference between sedentary and light work is that most light jobs—particularly those at the unskilled level of complexity—require a person to be standing or walking *most of the workday*." *See* Soc. Sec. Ruling ("SSR") No. 83-14, 1983 WL 31254, at *4 (emphasis added). Because "two hours total" of standing or walking do not constitute "most" of an eight-hour workday, *see Armani v. Northwestern Mut. Life Ins. Co.*, 840 F.3d 1159, 1163 (9th Cir. 2016), Mix argues that her two-hours-per-day limitation on walking and standing means that she is unable to perform most light jobs and that the ALJ therefore should have found that she was limited to sedentary work. And that would mean that, under the applicable rule in the Medical-Vocational Guidelines ("Grids"), Mix would be deemed disabled. We think Mix overreads the comment in SSR 83-14.

The applicable regulation states that "[l]ight work involves lifting no more

than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds," and that such a job is light work *either* (1) "when it requires a good deal of walking or standing," or (2) "when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Mix is correct that, because she cannot stand or walk for more than two hours per day, she cannot be "considered capable of performing a *full* or *wide* range of light work." *Id*. (emphasis added). But Mix's standing and walking limitations do not prevent her from performing jobs in the regulation's second category of light work (*viz*., work that involves "sitting most of the time"), and under the ALJ's findings, Mix could also perform appropriate jobs in the first category that involve less than two hours of standing and walking. She therefore could perform *some subset* of light work, and the question then was whether that subset was so significantly reduced that it "'indicate[d] little more than the occupational base'" for the lower level of sedentary work. *See Moore v. Apfel*, 216 F.3d 864, 870 (9th Cir. 2000) (citation omitted). As we recognized in *Moore*, this question of where a claimant falls between such categories is one that we review only for substantial evidence, and the ALJ's determination must be upheld if it is reasonable. *Id*. at 871.

Here, the ALJ reasonably concluded that Mix was not essentially limited to sedentary work, and that she instead fell "somewhere in the middle in terms of the regulatory criteria for exertional ranges of work." *See id*. at 870 (citation and

3

internal quotation marks omitted). He therefore properly consulted a vocational expert in assessing whether Mix was disabled. *See id*. Moreover, the ALJ reasonably determined that, in light of the vocational expert's conclusions, there were a significant number of "light work" jobs in the economy that Mix could perform, and the ALJ therefore properly concluded that Mix's limitations did not "erode the unskilled light occupational base" down to the occupational base for sedentary work. *See Thomas v. Barnhart*, 278 F.3d 947, 954, 960 (9th Cir. 2002).

2. Mix nonetheless contends that the vocational expert introduced a second exertional limitation in her analysis, *viz*., that Mix needed to have the ability to change between sitting and standing at will. Mix argues that the ALJ should have incorporated this limitation into his determination of Mix's residual function capacity and that, together with Mix's limitation to two hours of standing and walking, this limitation would have restricted Mix to sedentary work. While this certainly presents a closer question, we still cannot say that the ALJ acted unreasonably in concluding that Mix was not limited to sedentary work and that she instead fell between two Grid rules. The substantial volume of jobs identified by the vocational expert reasonably support the ALJ's view that, even if Mix required flexibility in "changing of position between sitting and standing every forty-five minutes," Mix still fell between the relevant Grid rules for light work and sedentary work. Because the vocational expert identified a substantial number

of light-work jobs that Mix could perform even with the additional limitation, we reject Mix's contention that this is a situation where "[t]he testimony of the vocational expert belied the ALJ's finding." *Distasio v. Shalala*, 47 F.3d 348, 350 (9th Cir. 1995).

In light of the foregoing, we conclude that the ALJ properly consulted a vocational expert and that the ALJ reasonably concluded that Mix was not disabled.

**AFFIRMED.**