NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOLANDA RIOS, | No. 21-55020 |
| Plaintiff-Appellee, | D.C. No. 2:19-cv-04100-DOC-SK |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA; PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY; ARNOLD AND PORTER KAYE SCHOLER, L.L.P WELFARE BENEFIT PLAN; INDIVIDUAL DISABILITY INCOME POLICY NO. 6754470, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted November 18, 2021
Pasadena, California

Before: BERZON and RAWLINSON, Circuit Judges, and KENNELLY,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiff Yolanda Rios ("Rios") submitted claims for benefits under two ERISA-governed disability insurance policies issued by defendants Unum Life Insurance Company and Provident Life and Accident Insurance Company (collectively, "Unum"). Both policies defined "disability," for the first 24 months of payments, as an inability to perform the material and substantial duties of one's "own occupation." After the 24 months, the definition of "disability" changed to whether the claimant could perform the material and substantial duties of "any occupation" for which the claimant would be qualified. Unum initially granted Rios "own occupation" benefits, but later terminated her benefits on the ground that she could perform her occupation as a User Support Specialist. It never addressed her request for "any occupation" benefits. Applying de novo review, the district court concluded that Rios was entitled to both "own occupation" and "any occupation" benefits. We affirm in part, reverse in part, and remand for further proceedings.

1. The district court did not clearly err in concluding that Rios is entitled to "own occupation" benefits. Ample evidence—including credible subjective reports of pain, lumbar x-rays, spinal and knee MRIs, diagnostic examinations, and a report provided by Rios's specialist treating physician—indicated that Rios cannot sit for over four hours in an eight-hour workday. That limitation prevents Rios from performing the material and substantial duties of a User Support

2

Specialist, entitling her to "own occupation" benefits under both of Unum's insurance policies. *See Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1163–64 (9th Cir. 2016).

2. The district court clearly erred in concluding, on the present record and without further proceedings, that Rios is entitled to "any occupation" benefits. Aside from a fully favorable Social Security Administration ("SSA") decision issued on July 17, 2020, no record materials submitted to either Unum or the district court spoke to Rios's functionality on or after July 11, 2020, the date of the transition from "own occupation" to "any occupation" benefits. Although Rios's condition is progressive and may not improve, there are viable treatment options for her condition that could result in improved functionality—including steroid injections and back surgery—that she had not yet undertaken when the record closed. Although Rios was not required by the insurance policies to undergo such treatments, the record did not disclose whether, on or before the transition date, she nevertheless elected to undergo such treatments and, if so, whether her functionality improved. That factor distinguishes this case from one in which the permanence of the disability is self-evident.

Finally, an SSA Administrative Law Judge ("ALJ") concluded six days after the transition date that Rios was disabled because "no jobs . . . exist in significant numbers in the national economy that" Rios could perform. The SSA decision

3

does not specifically address Rios's functionality as of the transition date, as opposed to earlier, and was based only on pre-transition date evidence. SSA decisions are entitled to some degree of deference by ERISA plan administrators such that failure to distinguish a contrary SSA decision may qualify as a "failure to consider relevant evidence." *Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 635 (9th Cir. 2009). Here, although the ALJ's projection that Rios was unable as of the transition date to perform any job that exists in significant numbers in the national economy is entitled to consideration, the SSA decision, given its limited evidentiary foundation, cannot fully cure the lack of evidentiary support for the district court's "any occupation" determination.

In light of the foregoing analysis, we direct the district court, on remand, to remand the case to Unum to allow it to determine Rios's entitlement to "any occupation" benefits in the first instance. Costs on appeal are awarded to Rios.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**